The defendant and appellant filed his application for a writ ofsupersedeas to stay proceedings to enforce a judgment of the trial court, and particularly to stay the sale under a writ of execution levied on said judgment, pending the determination of his appeal from an order of the trial court denying his motion to recall and quash said writ of execution.
On July 31, 1919, the Superior Court, in and for the city and county of San Francisco, granted to Margaret Macario, the plaintiff and respondent above named, an interlocutory decree of divorce from Giuseppe Macario, the defendant and appellant, and among other matters granted to said Margaret Macario the custody of the minor child of said parties who was then residing in the kingdom of Italy and the sum of $10 per month for the support of said minor. A final decree of divorce including similar provisions was entered on August 3, 1920. On July 13, 1928, said Margaret Macario caused a writ of execution of said judgment to be issued out of said Superior Court. On motion of the petitioner herein, the Superior Court, on June 21, 1929, made an order recalling said writ of execution, but without prejudice to the issuance of a new writ. Thereafter and on the same day, on theex parte application of Margaret Macario, a new writ of execution was issued out of said Superior Court, which was levied on real property of the petitioner located in the city and county of San Francisco. The petitioner moved to recall said writ of execution and for a perpetual stay of execution, on the ground that said Superior Court had no jurisdiction to order execution of the judgment in the divorce action which pertained to the custody of said minor or its support. The motion was denied, and said Giuseppe Macario has appealed from the order denying said motion, which appeal is now pending and undetermined. *Page 603 
 [1] It is not questioned that the order denying the motion to recall and quash the execution is an appealable order (Code Civ. Proc., sec. 963, subd. 2; see Parker v. Parker, 203 Cal. 787
[266 P. 283]; Montgomery v. Meyerstein, 195 Cal. 37
[231 P. 730]), [2] nor that where the appeal is not from the judgment, execution of which is sought to be stayed, but rather is from an order made after judgment denying a motion to recall and quash execution, an appeal from the latter and the giving of a bond thereon is not effective to stay execution of the judgment itself (Weldon v. Rogers, 154 Cal. 632 [98 P. 1070]), and that this court may, if the circumstances justify the order, and in the exercise of its inherent jurisdiction, provide for a stay by the issuance of a writ of supersedeas (Halsted v. FirstSav. Bank, 173 Cal. 605 [160 P. 1075]).
[3] In the present proceeding it appears that the plaintiff has levied said writ of execution upon real property belonging to the defendant which is situate in the city and county of San Francisco; that the plaintiff is insolvent and will not be able to respond should the property be sold under execution and the judgment be reversed on the appeal; that therefore the present appeal, without a stay of execution of said judgment, would be wholly useless and ineffective as a remedy. It also appears that the appeal has been taken in good faith and not merely for purposes of delay, and that a stay is reasonably necessary to protect the defendant from serious injury in case of a reversal, and it does not appear that the plaintiff will sustain disproportionate injury in case of affirmance (see 3 Cor. Jur., p. 1290; Halsted v. First Sav. Bank, supra).
It is therefore ordered that a writ of supersedeas issue as prayed for herein upon the defendant's giving, within ten days from the date hereof, a good and sufficient bond in double the amount of the sum for which execution is sought, said bond to be approved by a judge of the Superior Court, in and for the City and County of San Francisco.
Richards, J., Seawell, J., Curtis, J., Preston, J., Langdon, J., and Waste, C.J., concurred. *Page 604