[Civ. No. 10340. First Appellate District, Division Two.—October 14, 1936.]

DAVID C. CROWLEY, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent.

Joseph E. Isaacs and Alan H. Critcher for Petitioner.

James H. Boyer for Respondent.

STURTEVANT, J.—This is an application for a writ of prohibition. In answer to the pleading filed by the petitioner the respondent has filed a general demurrer. Among other things, the petitioner recites that Mrs. Crowley was awarded a decree of divorce from the petitioner. The decree also awarded to her the custody of the two minor children and $100 per month for their support. Later that sum was reduced to $75 per month. The interlocutory decree was entered March 12, 1924, and the final decree was entered June 8, 1925. It is not alleged that an appeal was taken from said judgment. On April 27, 1936, upon request of the wife, the trial court made an order finding that the husband was in arrears $2,332, and imposed a lien in said sum upon certain of the properties owned by the husband. From said order no appeal was taken, but thereafter the husband made a motion to set aside said order. That motion was denied and the husband perfected an appeal from said order, filed a bond, and a bill of exceptions is ready for signature. On May 1, 1936, the trial court made an order fixing the amount of the delinquent payments in the sum of $2,332 and ordered that execution issue in said sum. From that order the husband appealed, filed a bond, and a bill of exceptions is ready to be engrossed. On July 24, 1936, the wife filed an affidavit in the form of a questionnaire asking for an order to show cause why the husband should not be punished for contempt in failing to pay $1975, the balance of the instalments alleged to be due on that date. On the same date an order to show cause was issued returnable August 11, 1936. A hearing has been had but a continuance was taken until September 4, 1936, and the trial court has announced that on said date it will punish the husband as for contempt. To restrain the order last mentioned this application is made.

The gist of the contention made by the petitioner is that the two appeals operate as a stay and that the trial

court is acting in excess of its jurisdiction in proceeding while said appeals are still pending. The respondent contends, however, that the order imposing the lien was an appealable order, but no appeal was taken and it has become final. Respondent further contends that as said order was appealable, the order refusing to vacate ˙that order was not appealable. (*Meis* v. *Collins*, 1 Cal. App. (2d) 433, 435, 436 [36 Pac. (2d) 662].) In these contentions the respondent is clearly correct. ■ As to the order fixing the sum of the delinquent payments and ordering an execution to issue, the respondent contends it was not an appealable order. That it was a special order made after judgment will not be controverted. That said order was made for the enforcement of the judgment is also clear. Those propositions being true, it follows it was an appealable order. (Code Civ. Proc., sec. 963; 2 Cal. Jur. 171; *Parker* v. *Parker*, 203 Cal. 787 [266 Pac. 283].) ■ But the respondent asserts the trial court was not required to make an order computing and determining the amount due and directing that a writ of execution issue. We think the trial court followed the proper practice. The statutes do not require the clerk to determine the disputed questions as to which instalments of maintenance have accrued, which have been paid, and how ·much remains unpaid. (*Holtum* v. *Greif*, 144 Cal. 521, 527 [78 Pac. 11].) But under the express provisions of the statute such power is vested in the court. (Civ. Code, sec. 140; Code Civ. Proc., secs. 681 and 685; *Shields* v. *Superior Court*, 138 Cal. App. 151 [31 Pac. (2d) 1045].) It follows that the order dated May 1, 1936, was an appealable order and as an appeal therefrom was duly perfected, all proceedings in the trial court upon the matters embraced in said order were stayed. (Code Civ. Proc., sec. 946.) But the question remains, what was stayed in the instant case? The petitioner contends the payment of the said instalments was stayed. But in making that contention he is mistaken. If he had appealed from the judgment of divorce his contention would have merit. (Code Civ. Proc., sec. 942.) But he appealed from an order directing a writ of execution to issue and such appeal did not operate to stay the judgment in the divorce action which directed

the payment of said instalments. (*Macario* v. *Macario,* 208 Cal. 601 [283 Pac. 291]; *Weldon* v. *Rogers,* 154 Cal. 632 [98 Pac. 1070].) It follows that the showing made by the petitioner does not disclose that the trial court is exceeding, or threatening to exceed, its jurisdiction in any respect.

The alternative writ of prohibition is discharged and the petition for a peremptory writ is denied.

Nourse, P. J., and Spence, J., concurred.