[Civ. No. 13176. Second Dist., Div. One. Sept. 17, 1941.]

M. F. PETERSON, Petitioner, v. L. E. LAMPTON, Clerk of the Superior Court of Los Angeles County, Respondent.

John C. Miles and Philip M. Girard for Petitioner.

J. H. O'Connor, County Counsel, and Douglas De Coster, Deputy County Counsel, for Respondent.

WHITE, J.—Petitioner seeks by writ of mandate to compel the issuance by respondent Clerk of the Superior Court of the State of California, in and for the County of Los Angeles, of a writ of execution in an action now pending in the aforesaid court. By way of return to the alternative writ, respondent has filed a general demurrer challenging the sufficiency of the grounds stated in the petition to authorize or sustain the issuance of the writ prayed for.

Epitomized, the facts are that on or about January 5, 1926, one Joseph Farnsworth recovered judgment in the sum of $3,983.56 against J. W. Breedlove upon a cause of action based upon a foreign judgment theretofore recovered for the payment of a note executed by said Breedlove for the price of certain personal property purchased by him.

From the petition it appears that for a period of more than five years after the rendition of such judgment, plaintiff in that action, Joseph Farnsworth, endeavored to collect the judgment, but his efforts in that direction were futile, owing to his inability to locate property or assets of the judgment debtor. On or about December 11, 1940, plaintiff Farnsworth assigned said judgment to the petitioner herein, M., F. Peterson, for the purposes of collection, and on January 27, 1941, by order of the superior court, petitioner herein was substituted plaintiff for and in the place of Farnsworth, and ever since that time has been such plaintiff and entitled to all of the rights and remedies accrued and accruing in said action.

On or about January 30, 1941, petitioner herein filed his motion for issuance of execution after five years under section 685 of the Code of Civil Procedure, and thereafter, on April

14, 1941, said superior court made its order granting such motion and directing its clerk, respondent herein, to issue execution on the judgment entered in such action, and ordered that issuance of such execution be stayed for a period of ten days from and after the 14th day of April, 1941. On the 23rd day of April, 1941, J. W. Breedlove, defendant in said action, filed with the clerk of said superior court a notice of appeal from the order directing the issuance of execution, and also filed a request to the clerk to prepare a transcript on appeal.

From the petition it further appears that up to and including the fifth day of June, 1941, said transcript on appeal was not prepared by the clerk because of the failure of the defendant Breedlove to tender payment for such preparation. On the last-named date petitioner herein filed in the superior court his motion for an order terminating the appeal, but we are not advised in this proceeding as to the disposition made of such motion.

On June 12th petitioner applied to this court and was granted an alternative writ of mandate.

The single issue presented by this proceeding is whether a clerk of the superior court has power to issue an execution after five years (Code Civ. Proc., sec. 685) on order of the court, after an appeal has been taken from such order without filing a stay bond.

Petitioner's contention that an order authorizing the issuance of the execution after five years is in effect a judgment for the direct payment of money and that notwithstanding the taking of an appeal from such order, execution is not stayed pending such appeal unless a bond is posted, has been considered and decided adversely to petitioner's contention in the case of *Weldon* v. *Rogers*, 154 Cal. 632 [98 Pac. (2d) 1070], where, at pages 635 and 636, it was said:

" . . . The superior court, when applied to . . . for leave to have execution issued, as provided in section 685 of the Code of Civil Procedure, had no power to direct the payment of money, but only to give leave that the former judgment be 'carried into execution.' . . . For these reasons the former appeal" (from an order for execution after five years) "cannot be considered as an appeal from an order directing the payment of money, and section 942 gave no authority for

an undertaking thereon to stay the proceedings . . . on the execution. . . . In this case there is no appeal from a judgment;'' (for the direct payment of money) ''the appeal is from an order made after the final judgment . . . for which no stay is requisite.''

See also *Macario* v. *Macario*, 208 Cal. 601, 603 [283 Pac. 291], and *Crowley* v. *Superior Court*, 17 Cal. App. (2d) 52, 55 [61 Pac. (2d) 372].

█ It cannot be questioned that the order directing issuance of the execution after five years is an appealable order (Code Civ. Proc., sec. 693, subd. 2) ; and it follows that when an appeal therefrom is duly perfected, as in the instant case (Code Civ. Proc., sec. 940), all proceedings in the trial court upon the matters embraced in said order were stayed. (Code Civ. Proc., sec. 946.)

Petitioner urges that the appeal here in question is analogous to an appeal from an order denying a new trial when such procedure was permitted in civil cases, and, therefore, should be held to be in legal effect an indirect appeal from the judgment; and that unless a bond be given as would have been required to stay execution upon an appeal directly from the judgment, the order directing issuance of execution after five years is not stayed. In support of his proposition in this regard petitioner cites the case of *Credits Commutation Co.* v. *Superior Court*, 140 Cal. 82 [73 Pac. 1909], wherein, at page 84, it was stated: ''A reversal of an order denying a new trial has the same effect as an order granting a new trial, which is to vacate the judgment. A reversal of a judgment upon a direct appeal has precisely the same effect, and no more; it merely vacates the judgment. The relief being in form and substance the same in both cases, an appeal from an order denying a new trial should be held to be, in legal effect, an indirect appeal from the judgment; and, thus considered, the rule with respect to a stay of proceedings on such indirect appeal should be the same as upon a direct appeal from the judgment, and all the requirements of the code in regard to undertakings for stay of proceedings on appeal from different forms of judgments should be held applicable also to appeals from orders denying a new trial after such judgments. . . . ''

Petitioner contends that a reversal of the order herein appealed from would have the effect of vacating the judgment.

Such, however, is not the case. Under the rule prevailing at the time an appeal was permitted from an order denying a new trial, it was held that a reversal of such order had the same effect as an order granting a new trial, that is, to vacate the judgment, which would of course in effect amount to a reversal of such judgment the same as if such effect resulted from a direct appeal from the judgment. The form of relief being the same in both cases, an appeal from an order denying a new trial was held to be in legal effect an indirect appeal from the judgment and that the rule with respect to a stay of proceedings on such indirect appeal should be held to be the same as upon a direct appeal from a judgment, so far as the necessity of filing a bond to stay proceedings was concerned.

In the case at bar, however, a reversal of the order directing the issuance of execution after five years *would not vacate the judgment.* Such judgment would remain of record and subject to execution if the court should properly order such execution to issue on renewal of an application therefor. Only the proceedings had upon the order to issue execution after five years are reviewable on appeal therefrom, and the final decision thereon would in no way vacate the judgment. When an appeal from an order denying a new trial was permitted in civil cases, it was the uniform practice of the appellate tribunal when such order was reversed also to vacate the judgment, grant a new trial and remand the cause for such retrial. In the event of a reversal of the order from which the appeal herein was taken, the appellate court would be without power to vacate or in any way impair the existing judgment. Therefore an appeal from an order directing issuance of execution after five years cannot be regarded as an indirect appeal from the judgment, and consequently, with respect to a stay of proceedings on such appeal, the rule applicable to direct or indirect appeals from the judgment cannot be applied.

For the foregoing reasons, respondent's demurrer to the petition is sustained, the alternative writ heretofore issued is discharged, and the petition for a peremptory writ is denied.

York, P. J., and Doran, J., concurred.