[Civ. No. 10618.   Third Dist.   Jan. 9, 1963.]

S & Q CONSTRUCTION COMPANY et al., Plaintiff and Appellant, v. M. D. HAYNIE, Defendant and Respondent.

M. D. HAYNIE, Plaintiff and Respondent, v. S & Q CONSTRUCTION COMPANY et al., Defendants and Appelants.

(Consolidated Cases.)

Philip Steiner, Steiner, O'Dea & Luckham and Honey, Mayall, Hurley & Knutsen for Appellants.

Jones, Lane & Weaver and Roy Weaver for Respondent.

SCHOTTKY, J.—This is an application by S & Q Construction Company and Hartford Accident and Indemnity Company for a writ of prohibition or supersedeas to prevent enforcement of a money judgment in favor of M. D. Haynie.

S & Q was the contractor on a public construction project for the City of Stockton. Hartford was its surety on a bond furnished in accordance with the provisions of section 4200 et seq. of the Government Code. Haynie was a subcontractor on the project.

Haynie sued S & Q and Hartford to recover the balance allegedly due for work performed. In a separate action S & Q sought damages from Haynie for negligence in connection with a part of the contract not sublet to Haynie. The cases were consolidated for trial and recovery was in favor of Haynie in his action against S & Q and Hartford and also in S & Q's action against Haynie.

Thereafter S & Q alone appealed from the judgment entered in each action. Hartford did not appeal from the judgment entered against it.

The petition filed in this court does not disclose that S & Q has complied with the provisions of section 942 of the Code of Civil Procedure requiring an undertaking to stay execution of a money judgment. Under such circumstances this court would not be warranted in ordering a stay of execution. "There is no constitutional right to an appeal; the appellate procedure is entirely statutory and subject to complete legislative control. A corollary of this rule is that the Legislature may impose any condition or restriction upon the granting of a stay of execution pending an appeal." (*Trede* v. *Superior Court*, 21 Cal.2d 630, 634 [134 P.2d 745].)

Supersedeas may not be granted Hartford because it may only be allowed in connection with an appeal actually taken. (*Ex parte Ralston*, 119 U.S. 613 [7 S.Ct. 317, 30 L.Ed. 506]; *Solomon* v. *Solomon*, 110 Cal.App.2d 660 [243 P.2d 556], and cases cited therein.)

Neither party has asserted sufficient facts to warrant the issuance of a writ of prohibition even if this were a matter in which prohibition is a proper remedy. Each had an adequate remedy by appellate procedures which has not been

pursued. Under such circumstances it is improper to issue a writ of prohibition. (3 Witkin, California Procedure, pp. 2506-2510.)

The stay order issued in the case of *S & Q Construction Company* v. *M. D. Haynie et al.*, which is numbered 71699 on the docket of the Superior Court of the County of San Joaquin, is discharged; and the stay order issued in the case of *M. D. Haynie* v. *S & Q Construction Company*, a corporation, and *Hartford Accident and Indemnity Company*, a corporation, which is numbered 72364 on the docket of the Superior Court of the County of San Joaquin, is discharged.

The order to show cause heretofore issued is discharged and the petition is denied.

Pierce, P. J., and Friedman, J., concurred.

A petition for a rehearing was denied February 4, 1963.