[Civ. No. 44281. Second Dist., Div. Four. May 29, 1975.]

JOHN O. MILLER, Plaintiff and Appellant, v.
NELSON LEWIS GROSS, Defendant and Respondent;
NORTHWESTERN NATIONAL INSURANCE COMPANY,
Real Party in Interest and Respondent.

**COUNSEL**

Miller & Miller and Robert L. Miller for Plaintiff and Appellant.

Jones & Wilson and Robert E. Jones for Real Party in Interest and Respondent.

No appearance for Defendant and Respondent.

## OPINION

**JEFFERSON, J.\***—Plaintiff John O. Miller appeals the denial of his motion (made pursuant to Code Civ. Proc., § 1058a) seeking to impose liability upon a corporate surety, Northwestern National Insurance Company of Milwaukee, Wisconsin (real party in interest herein) on its appeal bond.[1]

Plaintiff Miller filed a complaint on facts agreed to by defendant Gross,[2] and judgment for $103,000 in his favor was entered on April 27, 1971, by the stipulation of the parties against defendant Nelson L. Gross. Defendant Gross was also to pay $10,300, representing interest accrued to September 18, 1971. The judgment provided that, as security for payment, liens were thereby imposed on certain shares of stock in two corporations owned by defendant Gross, as well as on other assets.

On September 16, 1971, defendant Gross moved to vacate the judgment on the ground of extrinsic fraud or mistake. In essence, the factual basis alleged in support of the motion was that defendant had, due to various circumstances, been mentally incompetent at the time he agreed to the entry of judgment. Extensive discovery, including a psychiatric examination of defendant ordered by the trial court, ensued. While the hearing on the motion's substance was still pending, plaintiff obtained partial satisfaction of the judgment. On November 22, 1971, plaintiff secured a writ of execution for the balance owed.

Defendant's motion to vacate was denied on January 6, 1972, and his motion for reconsideration also was denied on February 25, 1972. Defendant then appealed to this court from the orders of denial.

While that appeal was pending, defendant made an ex parte motion in the trial court for an order fixing the amount of the bond which would be required to stay further execution of the judgment pending appeal;[3] the

---

\*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]Code of Civil Procedure section 1058a provides that upon the filing of such an undertaking, the liability of the surety may be enforced by motion without the initiation of an independent action on the bond.

[2]Both parties signed the complaint, which set forth their agreement regarding facts.

[3]Defendant's motion was made pursuant to Code of Civil Procedure section 917.1, which provides for a stay of execution of a judgment for money or an order directing the payment of money, pending appeal, where there is an undertaking by a corporate surety, among others, in an amount one and one-half times the amount of the judgment.

court assertedly was not informed that the appeal had been taken from denial of the motion to vacate judgment rather than from the judgment for money itself (for which appeal time had expired); the order as drafted and signed assumed that the appeal was from the money judgment. The trial court set the bond at $169,950, one and one-half times the amount of the original judgment.

On July 18, 1972, defendant filed with the court Northwestern's bond, insuring payment of the judgment should defendant fail to prevail on appeal. The bond recited that it was an undertaking pursuant to Code of Civil Procedure section 917.1, and that the premium paid was $1,700. On the same date, defendant moved to release the remaining stock which secured the judgment (and was subject to the writ of execution obtained by plaintiff in November 1971), on the ground that plaintiff could now rely on the appeal bond for satisfaction of judgment should defendant lose the appeal. Plaintiff opposed the motion, and on August 2, 1972, the trial court denied defendant's motion without prejudice, suggesting that defendant make application to the appellate court for relief.

On August 16, 1972, Northwestern filed a motion to exonerate the appeal bond. From the affidavits filed in support thereof by various of the surety's agents, it appears that defendant Gross had paid the bond premium with a bad check for $2,500; he had also promised Northwestern, as consideration for the bond, the delivery of certain corporate stock as security, a delivery he was unable to make when the trial court refused to release the securities which were securing plaintiff's judgment. This motion was subsequently withdrawn by Northwestern.

On September 7, 1972, defendant again attempted to gain access to the stock by moving to quash the writ of execution then in force in plaintiff's favor, on the ground that plaintiff could now rely on the appeal bond. Plaintiff opposed the motion, and on September 14, 1972, the trial court again denied defendant relief without prejudice. On October 3, 1972, plaintiff renewed the writ of execution for $59,621.25, but took no further steps to secure satisfaction of judgment.

On July 18, 1973, the remittitur was filed on defendant's appeal. In an unpublished opinion, Division Two of this court found the appeal to be without merit, and affirmed the trial court's orders (2d Civ. No. 40372).

Plaintiff's motion to enforce liability of the surety followed. In the trial court, the surety offered no defense based upon the circumstances under

which the bond had been obtained and filed by defendant Gross, but contended, as it does here, that the bond had been void from inception. As indicated, the trial court denied plaintiff's motion on December 14, 1973, and he has appealed the order of denial, which is an appealable order. (*Merritt* v. *J. A. Stafford Co.,* 68 Cal.2d 619, 622 [68 Cal.Rptr. 447, 440 P.2d 927].)

Northwestern argues that the bond was never effective to secure a stay of execution, because the appeal which it purportedly insured was not from a judgment within the confines of Code of Civil Procedure section 917.1, i.e., an appeal from a judgment for money or an order directing the payment of money, but rather from a denial of post-judgment relief. Plaintiff contends that the order denying defendant relief was, in practical effect, the same as one ordering defendant to pay the judgment, and that Code of Civil Procedure section 917.1 should be so construed.

The law governing the right of an appellant to a stay of execution pending appeal is totally statutory, created by legislative enactment. As such, it is subject to the general rules of statutory construction, including the basic proposition that such enactments should be construed in accordance with legislative intent. (*S & Q Construction Co.* v. *Haynie,* 211 Cal.App.2d 649 [27 Cal.Rptr. 589]; 45 Cal.Jur.2d, Statutes, § 97, p. 611 et seq.) In 1968, the Legislature enacted sections 971.1 through 923 of the Code of Civil Procedure dealing with the varying circumstances under which the trial court could grant a stay of execution of a judgment pending appeal. Included in the statutory scheme were sections concerning money judgments (§ 917.1), judgments ordering the delivery of personal property (§ 917.2), and judgments directing the execution of instruments (§ 917.3), among others.

Code of Civil Procedure section 917.1, which concerns us here, was formerly Code of Civil Procedure section 942, and provides, in pertinent part, that: "The perfecting of an appeal shall not stay enforcement of the judgment or order in the trial court if the judgment or order is for money or directs the payment of money . . . unless an undertaking is given on condition that if the judgment or order or any part of it is affirmed or the appeal is withdrawn or dismissed, the party ordered to pay shall pay the amount of the judgment or order . . . . Such undertaking shall be for double the amount of the judgment or order unless given by a corporate surety . . . in which event it shall be for one and one-half times the amount of the judgment or order. If the party ordered to pay does not make such payment within 30 days after the filing of the remittitur from

the reviewing court . . . judgment may be entered . . . on the undertaking for such amount as is appropriate hereunder. . . ."

■ This and related sections confer upon the trial court jurisdiction to order a stay, even after the taking of an appeal, (*Gold* v. *Superior Court*, 3 Cal.3d 275 [90 Cal.Rptr.\161, 475 P.2d 193]) and, if the bond is filed in sufficient amount, the trial court has no discretion to refuse the stay. (*Stevens* v. *Superior Court*, 28 Cal.App.3d 1 [104 Cal.Rptr. 369].)

In the case at bench, it appears that the orders actually appealed from were post-judgment orders, negative orders denying relief to defendant rather than ordering directly that defendant pay money to plaintiff.

Northwestern's argument, that the bond was legally ineffective to stay execution by statute, is based upon *Weldon* v. *Rogers*, 154 Cal. 632 [98 P. 1070], a 1908 California Supreme Court case which interpreted section 942, the predecessor of the present section 917.1. In that case sureties were held not liable to plaintiff upon a bond written to obtain a stay from a postjudgment order denying a motion to quash a writ of execution; the bond was a nullity because the appeal had not been taken from an order directing the payment of money. *Weldon* relied on two earlier cases (*Carit* v. *Williams*, 67 Cal. 580 [8 P. 93] and *Reay* v. *Butler*, 118 Cal. 113 [50 P. 375]) and has been cited with approval since. (*Macario* v. *Macario*, 208 Cal. 601, 603 [283 P. 291]; *Crowley* v. *Superior Court*, 17 Cal.App.2d 52, 55 [61 P.2d 372]; *Peterson* v. *Lampton*, 46 Cal.App.2d 751 [116 P.2d 952].)

■ It seems clear that the Legislature, in enacting in 1968 sections 917.1 through 923, intended to enumerate the various judgments for which a stay could be granted under the conditions stated therein, and it did not see fit to include such postjudgment orders as the one under consideration here. We conclude that it is not within our province to enlarge the meaning of section 917.1 to include the denial of a motion to vacate a money judgment, and, thus, the bond was legally ineffective to stay execution in this case.

We turn to a consideration of plaintiff's rights in this situation. Recent decisional law has recognized the desirability of the construction of these statutory stay provisions to afford parties substantial justice. (See, for example, *Davis* v. *Custom Component Switches, Inc.* 13 Cal.App.3d 21 [91 Cal.Rptr. 181], where defendant corporation obtained a stay of

execution by means of a writ of supersedeas, even though it could not comply with the bond requirement of Code Civ. Proc., § 917.1.)

In *Merritt v. J. A. Stafford Co., supra,* 68 Cal.2d 619 at pages 623-624, the California Supreme Court discussed with approval a long series of decisions which held that certain deficiencies in the form of an appeal bond could not operate to exonerate the sureties. It was said: " 'Although sureties upon such a bond became parties to the original action [citations] their position is not the same as that of the defendants. . . . The obligation of the sureties is upon the undertaking, an instrument in writing, not upon the judgment.' . . . It has been held that undertakings may be enforced although not in exact conformity with the statute, that the defect may be waived, that the obligor is in no position to complain that his obligation is less onerous than that provided for by statute, and that, where the appellant has the benefit of the bond, the obligor may not rely upon the fact that the respondent could but did not object to the sufficiency of the bond. [Citations.] 'The sureties generally are held liable on a supersedeas or appeal bond, although it was legally insufficient to effect a stay of proceedings, where as a matter of fact there was in effect a stay, no execution being issued, nor any attempt made to collect an execution if issued, or to enforce the judgment.' . . ."

As this language suggests, there are occasions where a defective undertaking does not result in exoneration. *Merritt,* however, goes on to distinguish those situations where the bond was a nullity, supporting the proposition that the surety cannot then be held (pp. 624-625).

Northwestern points out on this appeal that plaintiff did not, in fact, rely upon the bond but continued to oppose defendant's efforts to obtain the release of the securities subject to the writ of execution, and renewed the writ of execution subsequent to the filing of the bond with the court.

Plaintiff contends that it was the surety's responsibility to ascertain that the bond concerned an order or judgment for which a statutory stay could be granted, and that plaintiff should not sustain the loss occasioned by the surety's carelessness. Plaintiff further argues that he faced a dilemma with respect to the bond's legal effectiveness, and was understandably reluctant to refuse to avail himself of any means of protecting the judgment. It appears that, in the instant case, plaintiff chose not to rely on the bond. We conclude, under these circumstances,

that the trial court properly denied plaintiff's motion to impose liability on Northwestern.

Judgment is affirmed.

Kingsley, Acting P. J., and Dunn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 23, 1975.