**O. M. GREENE LIVESTOCK COMPANY, Plaintiff-Appellant,**

v.

**AZALEA MEATS, INC., et al.,**
**Defendants-Appellees.**

No. 75–1989
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 28, 1975.

Ben Kirbo, George W. Stacey, Bainbridge, Ga., for plaintiff-appellant.

Roy M. Lilly, Thomasville, Ga., for American Bank & Trust and Hartford.

Richard M. Kirby, Atlanta, Ga., for First National Bank of Atlanta.

Hobart E. Early, Atlanta, Ga., for Fed. Reserve.

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Allen B. Fields, Jr., Palatka, Fla., for H. F. and H. C. Stillwell.

John R. Strother, Jr., Atlanta, Ga. for Finstad.

W. Hensell Harris, Jr., Asst. Atty. Gen., Arthur K. Bolton, Atty. Gen., Robert S. Stubbs, II, Don A. Langham, Alfred L. Evans, Jr., Asst. Attys. Gen., Atlanta, Ga., for Thomas T. Irvin, as Commissiner of Dept. of Agriculture.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

The plaintiff, O. M. Greene Livestock Company, sued several Georgia and non-Georgia parties seeking redress for non-payment, when the plaintiff delivered $93,000 worth of hogs to an insolvent buyer, Azalea Meats, Inc., in South Carolina. Buyers are in some circumstances required to be bonded, both under federal and state law. The plaintiff alleges, among other things, that it relied on a bulletin entitled "Livestock Dealers and Brokers With Effective Bonds" published by the Georgia Commissioner of Agriculture, when it sold to Azalea on credit.

The jurisdictional defect was obvious—complete diversity was not present. To remedy this situation, Greene dropped all Georgia residents as defendants, including the Commissioner of Agriculture. The commissioner's insurer, however, remained a party defendant, and the commissioner remained in the case as a third-party defendant of his insurer, Hartford Accident & Indemnity Company, who had cross-claimed against the commissioner.

The district court granted summary judgment to Hartford, holding that Greene was not covered by the bond in any case, and could not have relied on the bond as a matter of law. We reverse and dismiss the complaint for lack of subject matter jurisdiction. 28 U.S.C. § 1332(c) reads:

For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: *Provided Further,* That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

■ This amendment was passed to remedy the congestion in the district courts arguably caused by Louisiana's and Wisconsin's Direct Action Statutes, which allow suits directly against an insurer without joining the insured as a party defendant. *See* Lumbermen's Mutual Casualty Co. v. Elbert, 1954, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59; Weckstein, *The 1964 Diversity Amendment: Congressional Indirect Action Against State "Direct Action" Laws,* 1965 Wis.L. Rev. 268. This Court has given the statute the broad interpretation it deserves in light of the harm Congress sought to remedy. *See* Hernandez v. Travelers Ins. Co., 5 Cir. 1974, 489 F.2d 721; Williams v. Liberty Mut. Ins. Co., 5 Cir. 1972, 468 F.2d 1207.

■ Georgia does not have a Direct Action Statute. Nonetheless, the plaintiff *converted* his action into a direct action by voluntarily dismissing the Commissioner from the case as a defendant. Section 1332(c) does not require the direct action to be brought under a statute. This case is clearly a "direct action against the insurer . . . to which action the insured is not joined as a party defendant", and therefore the insurer is "deemed a citizen of the State of which the insured is a citizen . . . ". Were it otherwise, the purpose of the 1964 amendment would be defeated by

the simple expedient of suing a non-diverse tort-feasor, joining a diverse insurance company, and then immediately dropping the tort-feasor out of the case.

Judgment vacated and case remanded, with instructions to dismiss for lack of jurisdiction.