plan "modifies" his creditors' rights in violation of 11 U.S.C. § 1322(b)(2) is

AFFIRMED.

Russell F. **GREENFIELD,**
**Plaintiff-Appellant,**

v.

**KOOTENAI COUNTY, et al.,**
**Defendants-Appellees.**

No. 84–3646.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 1984.

Decided Jan. 29, 1985.

Jeffrey A. Child, Child & Fisher, Coeur d'Alene, Idaho, for plaintiff-appellant.

Scott W. Reed, Coeur d'Alene, Idaho, for defendants-appellees.

Before SKOPIL, FARRIS, and BEEZER, Circuit Judges.

SKOPIL, Circuit Judge:

Plaintiff-appellant Greenfield appeals from a summary judgment in favor of defendants Kootenai County, Kootenai Board of Commissioners, and Does 1–10. Greenfield alleges that the disclosure by employees of Kootenai County of a recorded conversation violated the Wire Interception and Interception of Oral Communications Act, 18 U.S.C. § 2510 *et seq.* (1982) ("the Federal Wiretap Act"). We affirm.

On January 1, 1981, Kootenai County, Idaho Sheriff's Deputy Donna Wilmer received a telephone call at the Sheriff's Office. The unidentified caller threatened that "that ... mayor'll get it tonight." The call was recorded by a tape system which records all incoming calls.

Approximately ten minutes after the threatening call, plaintiff-appellant Russell

Greenfield telephoned the Kootenai County Sheriff's Office. Greenfield, who was then Mayor of Hayden, Idaho, complained to Deputy Wilmer about some threatening calls that he had received within the last 20 minutes. This call was also recorded.

From January 22 to January 29, 1981 four articles appeared in the Coeur d'Alene *Press* alleging that Greenfield had fabricated the telephone threats and had staged physical acts against himself and his property. The first article, dated January 22, 1981, stated that the *Press* and a voice analyst had obtained copies of the recorded telephone conversations of January 1, 1981 from the Sheriff's Office. The voice analyst determined that Greenfield made both of the telephone calls to the Sheriff's Office on that day. On February 10, 1981 Greenfield resigned as Mayor of Hayden due to the controversy surrounding these events.

STANDARD OF REVIEW

■ A grant of summary judgment is reviewed *de novo. Lojek v. Thomas,* 716 F.2d 675, 677 (9th Cir.1983). The reviewing court must determine whether there is any genuine issue of material fact and whether the substantive law was correctly applied. *Id.*

ANALYSIS

At issue is the interpretation of the Federal Wiretap Act, 18 U.S.C. § 2510–2520. The Federal Wiretap Act is designed to prohibit "all wiretapping and electronic surveillance by persons other than duly authorized law enforcement officials engaged in the investigation of specified types of major crimes." S.Rep. No. 1097, 90th Cong., 2d Sess., *reprinted in* 1968 U.S.Code Cong. & Ad.News 2112, 2113.

To help ensure compliance with the Act, Congress provided for civil damages against those who violate its provisions:

Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall (1) have a civil cause of action against any person who intercepts, discloses, or uses, or pro-

cures any other person to intercept, disclose, or use such communications, .....

18 U.S.C. § 2520.

Greenfield claims that the Kootenai County Sheriff's Office improperly disclosed the contents of his telephone conversation. The substantive provision on which Greenfield relies is section 2517. That section states in part:

(1) Any investigative or law enforcement officer who, by any means authorized by this chapter, has obtained knowledge of the contents of any wire or oral communication, or evidence derived therefrom, may disclose such contents to another investigative or law enforcement officer to the extent that such disclosure is appropriate to the proper performance of the official duties of the officer making or receiving the disclosure.

(2) Any investigative or law enforcement officer who, by any means authorized by this chapter, has obtained knowledge of the contents of any wire or oral communication or evidence derived therefrom may use such contents to the extent such use is appropriate to the proper performance of his official duties.

18 U.S.C. § 2517. Greenfield argues that the disclosure of the contents of his telephone conversation to the newspaper and voice analyst violates section 2517, entitling him to damages under section 2520.

 To recover under section 2517, Greenfield must show the disclosure or use of an "interception." If no interception occurred, then section 2517 would not apply. "Section 2517 of the new chapter authorizes the use and disclosure of *intercepted* wire or oral communications in specified circumstances." 1968 U.S.Code Cong. & Ad.News 2188 (emphasis added).

"[I]ntercept" means the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical, or other device.

18 U.S.C. § 2510(4). Initially, this definition would seem to include the recording of Greenfield's call. The Senate Report concerning this section of the statute, however, suggests otherwise.

Paragraph (4) defines "intercept" to include the aural acquisition of the contents of any wire or oral communication by any electronic, mechanical, or other device. *Other forms of surveillance are not within the proposed legislation.*

1968 U.S.Code Cong. & Ad.News 2178 (emphasis added). This suggests that before an interception can exist, there must be some form of active surveillance.

 We hold that the routine recording of incoming telephone calls by the Sheriff's Office is not a form of surveillance, and therefore is not an "interception" as defined by the Act. Since the disclosed communication was not an interception, the Sheriff's Office is not liable under sections 2517 and 2520 for disclosing its contents.

AFFIRMED.