781 F.2d 1418
 James BURGOYNE, Luella Burgoyne, Matilda K. Chang, Thomas
Fragas, Ethel Fragas, Olivia Harkness, William Harkness,
Leslie Izu, Esther Izu, Mitzie M. Kamiya, Richard Lee,
Arleen Lee, Benjamin Medeiros, Julia Medeiros, et al.,
Petitioners-Appellants,
v.
FRANK B. HALL & COMPANY OF HAWAII, INC., a Hawaii
corporation, Respondent,
and
Union Indemnity Insurance Company of New York, a New York
Corporation, Respondent-Appellee.
 No. 84-2691.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Nov. 19, 1985.*
Decided Feb. 7, 1986.
 
 Charles R. Kozak, Honolulu, Hawaii, for petitioners-appellants.
 Felix A. Maciszewski, Honolulu, Hawaii, for respondent-appellee.
 Appeal from the United States District Court for the District of Hawaii.
 Before SKOPIL, FLETCHER and ALARCON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants, Burgoyne and others (Burgoynes), successful plaintiffs in a state court action, sued appellees Union Indemnity Insurance Co. (Union), to satisfy their judgment from a supersedeas bond furnished by Union. Union removed the case to federal court on diversity grounds. Burgoynes challenge diversity and claim that summary judgment was improper. We affirm.
 
 BACKGROUND
 
 2
 The state court defendant, not a party to this action, appealed Burgoynes' state court judgment to the Hawaii Supreme Court and filed a supersedeas bond to stay execution of judgment pending the appeal. Burgoynes filed written objections to the form and amount of the supersedeas bond. In response, a revised bond was submitted and approved by the trial court. However, upon challenge by Burgoynes the court invalidated the substitute bond.
 
 
 3
 The defendant tendered another bond with Union as the surety. Again Burgoynes objected to both the form and the amount of the bond, and the court refused to sign it. The defendant informed the court and Burgoynes that no further attempt would be made to file a supersedeas bond. Burgoynes, however, made no attempt to collect the judgment while the case was on appeal.
 
 
 4
 The Hawaii Supreme Court affirmed the judgment in favor of Burgoynes. Two days later, the defendant filed a Chapter 7 Bankruptcy proceeding, listing no available assets. Burgoynes then sued Union on the supersedeas bond.
 
 DISCUSSION
 I. JURISDICTION
 
 5
 Although it is undisputed that Union is a New York corporation and Burgoynes are Hawaii residents, Burgoynes claim that removal based on diversity jurisdiction was inappropriate. They rely on 28 U.S.C. Sec. 1332(c), which provides in part,
 
 
 6
 That in any direct action against the insurer of a policy or contract of liability insurance ... to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the state where it has its principal place of business.
 
 
 7
 Burgoynes contend that Union, as surety on the supersedeas bond, should be deemed a citizen of the same state as its principal (the "insured"). Because the state court defendant is an Hawaiian "citizen," Burgoynes argue, Union should be deemed an Hawaiian citizen as well, thereby defeating diversity. We review questions of federal subject matter jurisdiction and questions of statutory construction de novo. Mobil Oil Corp. v. City of Long Beach, 772 F.2d 534, 538 (9th Cir.1985); Powell v. Tucson Air Museum Foundation of Pima County, 771 F.2d 1309, 1311 (9th Cir.1985).
 
 
 8
 Section 1332(c) was enacted in response to state "direct action" statutes, which permit a victim to sue the tortfeasor's insurer directly without naming the tortfeasor. See 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure 2d Sec. 3629 (1984). The purpose of section 1332(c) was to keep the federal courts from being inundated by run-of-the-mill tort suits between citizens of the same state that could be filed or removed to federal court due to the state "direct action" statutes and the diverse citizenship of the insurance company. Id.
 
 
 9
 A liability insurer protects its insured; the surety on a supersedeas bond, by contrast, protects the holder of the judgment, not the surety's principal. These are very different relationships. Because a surety is not a "liability insurer," we hold that Sec. 1332(c) is inapplicable to suits against sureties. See A.J. Kellos Construction Co., Inc. v. Balboa Ins. Co., 495 F.Supp. 408, 413 (S.D.Ga.1980) (sub-contractor's performance bond not "liability insurance" but a suretyship agreement; Sec. 1332(c) not applicable); Ford Motor Co. v. Transport Indemnity Co., 41 B.R. 433, 438-39 (E.D.Mich.1984) (Sec. 1332(c) not applicable to suretyship agreement); see also Ennis v. Queen Ins. Co. of North America, 364 F.Supp. 964, 965 (W.D.Tenn.1973) (fire insurance policy not "liability insurance;" Sec. 1332(c) not applicable).[1]
 
 II. SUMMARY JUDGMENT
 
 10
 We review a grant of summary judgment de novo. Greenfield v. Kootenai County, 752 F.2d 1387, 1388 (9th Cir.1985). We must determine whether there were genuine issues of material fact and whether the substantive law was correctly applied. Id.
 
 
 11
 In Hawaii, a supersedeas bond is effective to stay judgment and execution only when it has been approved formally by the court. Haw.R.Civ.P. 62(d). Burgoynes recognize that no formal statutory bond was in place during most of the period of the pendency of the appeal. However, they contend that the final bond submitted by Union was effective as a "common law bond" and that Union is now bound by it.
 
 
 12
 It is true that under certain circumstances a surety can be held liable under a supersedeas bond that is invalid due to a technical error if enforcement of judgment was in fact suspended. Haffner v. Commerce Trust Co., 184 Okl. 212, 86 P.2d 331, 333 (1938); Merritt v. J.A. Stafford Co., 68 Cal.2d 619, 440 P.2d 927, 930, 68 Cal.Rptr. 447, 449-50 (1968); Annot., 120 A.L.R. 1062 (1939). The so-called "common law bond doctrine" can be seen as based either on a contract or an estoppel theory. Courts applying a contract theory reason that if there is consideration, the fact that the bond does not meet statutory requirements is no reason not to enforce an underlying agreement of the parties as a common law contract. See Haffner, 86 P.2d at 333. The forbearance from enforcing the judgment furnishes sufficient consideration. Id. Annot., 120 A.L.R. at 1065. However, in this case there was no underlying agreement. The offer to create a contract (the tendering of the bond) was terminated the moment Burgoynes rejected the bond. See 1 Corbin on Contracts Sec. 94 (1963). Burgoynes cannot rely on the existence of a contract that they unequivocally rejected from the outset.
 
 
 13
 If the common-law bond doctrine is viewed as based in estoppel, see Annot., 120 A.L.R. at 1067, appellant's claim does not fare any better. Estoppel is a bar
 
 
 14
 [w]here no complaint is made concerning the nonconformity of a supersedeas bond to the statutory requirements, and it is accepted by the party for whose benefit it is given, who gives the delay in time asked for, the parties executing the bond, who have received all they desire under it ... cannot be heard to urge its lack of conformity to the law, or to say that what they offered as a legal obligation, which was accepted as such, was invalid and not binding on them.
 
 
 15
 Annot., 120 A.L.R. at 1068, quoting Gille v. Emmons, 61 Kan. 217, 59 P. 338 (1899) (emphasis added). Here, there was no acceptance by Burgoynes, and, at Burgoynes' urging, no court approval of the bond. Accordingly, there is no basis for estopping Union from raising the statutory deficiency in the bond. Cf. Miller v. Gross, 48 Cal.App.3d 608, 614-15, 121 Cal.Rptr. 875, 879-80 (1975) (refusing to apply common law bond doctrine where plaintiff did not rely on invalid bond). Although Burgoynes did not, in fact, seek to enforce the judgment while the case was on appeal, there is no basis for Burgoynes's suggestion that they forebore because of the Union bond which they rejected and which was not approved by the court.
 
 
 16
 The common-law bond doctrine is designed to cover situations in which the parties mistakenly believe there is a valid bond in existence, not situations in which the judgment creditor has rejected all tenders of proposed bonds. Under the circumstances of this case, the doctrine is inapplicable; accordingly, Union is entitled to judgment as a matter of law.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a); 9th Cir.R. 3(f)
 
 
 [1]
 Burgoynes rely on O.M. Greene Livestock Co. v. Azalea Meats, Inc., 516 F.2d 509 (5th Cir.1975) (per curiam), but that case is not helpful to their position. O.M. Greene, a Georgia citizen, sued a group of defendants including the Georgia Commissioner of Agriculture, a Georgia citizen, and the commissioner's insurer, a citizen of another State. Id. at 510. To obtain diversity, the plaintiffs dropped from the suit all Georgia citizens including the commissioner; the non-Georgia insurer was left in the case. Id. The court ruled that this was a direct action because it was against the insurer of a Georgia resident who was not joined as a party. Id. The case is simply another example of an action against a liability insurer