**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30202 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00183-RSL-2 |
| v. | |
| LEONARD HOLLINGSWORTH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30229 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00183-RSL-3 |
| v. | |
| LARSELL HOLLINGSWORTH, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted July 10, 2013[**]
Seattle, Washington

Before: KLEINFELD, M. SMITH, and N.R. SMITH, Circuit Judges.

1. The Hollingsworths first challenge the district court's denial of their motions for judgment of acquittal. When reviewing such a denial, we review de novo "whether sufficient evidence exists to support a guilty verdict." *See United States v. Stewart*, 420 F.3d 1007, 1014 (9th Cir. 2005).

The government's evidence against the Hollingsworths included: (1) video recordings showing the Hollingsworths in Lowe's stores watching employees use computers to complete return transactions; (2) identification cards the Hollingsworths had altered to circumvent Lowe's computer-based loss protection system; and (3) store records indicating that the Hollingsworths used the same merchandise card to make purchases in multiple store locations. This evidence was sufficient to support the jury's verdict that the Hollingsworths knew or could have reasonably foreseen that their scheme would cause the use of a wire. *See Pereira v. United States*, 347 U.S. 1, 8–9 (1954) (holding that a person causes the use of a wire by "do[ing] an act with *knowledge* that the use of [a wire] will follow

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

in the ordinary course of business, or where such use can *reasonably be foreseen*" (emphasis added)).

2.  Next, the Hollingsworths challenge the district court's refusal to give a jury instruction requiring the jury to find that the Hollingsworths knew or could have reasonably foreseen that their scheme would cause the use of an "interstate" wire.  However, the "interstate" element of the offense of wire fraud is merely jurisdictional and does not have a mens rea requirement.  *United States v. Jinian*, 712 F.3d 1255, 1265–66 (9th Cir. 2013).  The district court's refusal to instruct the jury to find a nonexistent element of the offense was not an abuse of discretion.  Moreover, because the government was not required to prove any mens rea with respect to the "interstate" element, the district court's refusal to give the proposed instruction did not create an impermissible "variance."  *United States v. Jenkins*, 785 F.2d 1387, 1392 (9th Cir. 1986); *see also United States v. Pang*, 362 F.3d 1187, 1194 (9th Cir. 2004).

3.  The Hollingsworths also challenge the district court's restitution order, which required them to pay a greater amount of restitution than was paid by some of their co-defendants who pled guilty.  "A restitution order is reviewed for an abuse of discretion, provided that it is within the bounds of the statutory framework."  *United States v. Gordon*, 393 F.3d 1044, 1051 (9th Cir. 2004).

Accordingly, district courts have the discretion to order members of a conspiracy to pay restitution for losses caused by the entire conspiracy. *United States v. Brock-Davis*, 504 F.3d 991, 998–99 (9th Cir. 2007). The Hollingsworths cite no authority supporting their argument that the district court did not have the discretion to order them to pay a greater amount of restitution than their co-conspirators, regardless of whether they chose to go to trial.

4. The Hollingsworths next argue that the district court's restitution order violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). However, *Apprendi* does not apply to restitution orders. *See United States v. Green*, Nos. 10-50519+, 2013 WL 3467098, at *2 (9th Cir. July 11, 2013).

5. Finally, the Hollingsworths seek reversal of the district court's denial of a two-point downward departure for acceptance of responsibility under U.S.S.G. § 3E1.1(a). "[A] district court's decision about whether a defendant has accepted responsibility is a factual determination reviewed for clear error." *United States v. Cantrell*, 433 F.3d 1269, 1284 (9th Cir. 2006). A review of the record demonstrates that, at best, the Hollingsworths admitted to *some* of the conduct underlying the offense. However, the district court did not clearly err by concluding that the Hollingsworths failed to accept responsibility for the offense of wire fraud.

**AFFIRMED.**