[S. F. No. 533.   Department Two.—September 10, 1897.]

J. W. REAY, Respondent, v. JOHN BUTLER et al., Defendants.   THOMAS M. QUACKENBUSH et al., Appellants.

118  113
125  356

118  113
s128 336
a129 388

APPEAL—ORDER REFUSING TO STRIKE OUT COST BILL—UNAUTHORIZED STAY BOND—IMPROPER JUDGMENT UPON MOTION AGAINST SURETIES.—An order denying defendant's motion to strike out plaintiff's cost bill is not an "order directing the payment of money" within the purview of section 942 of the Code of Civil Procedure; and a bond executed in double the amount of the cost bill upon appeal from such order by the defendant, has no statutory authority, and cannot operate to stay execution; and the plaintiff is not entitled to judgment against the sureties thereon, upon motion, that being a summary remedy created by the statute, and applicable only to undertakings allowed by it.

ID.—STIPULATION FOR JUDGMENT UPON MOTION.—A stipulation inserted in such bond agreeing that judgment might be entered against the sureties upon motion, being required by the statute, in case of an effective stay bond, cannot operate to make the bond which is ineffectual as a stay, because made in a case not provided by statute, effective to bind the sureties to summary judgment against themselves.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Walter H. Levy, Judge.

The facts are stated in the opinion.

W. S. Goodfellow, for Appellants.

T. B. Mhoon, and W. W. Foote, for Respondent.

BRITT, C.—In this action a former judgment in favor of one Treadwell, intervenor, and against the plaintiff, Reay, was reversed on appeal to this court with costs to plaintiff.   (*Reay v. Butler*, 69 Cal. 572.)   In due time plaintiff filed his bill of costs with the clerk of the superior court, and the amount thereof was regularly entered in the docket.   The executrix of said intervenor moved the court to strike out plaintiff's cost bill, and her motion was denied.   Thereupon she appealed from the order denying her motion, and Quackenbush and Ames executed on her behalf an undertaking on appeal, which contained, among other provisions, the following: "And whereas the appellant is desirous of staying the execution of the said order, or execution

thereon, so appealed from, we do further, in consideration thereof and of the premises, jointly and severally undertake and promise and do acknowledge ourselves further jointly and severally bound in . . . . double the amount named in said cost bill, and in said order, that if said order appealed from or any part thereof be affirmed, or the appeal dismissed, the appellant will pay the amount directed to be paid by the said order, . . . . and that if the appellant does not make such payment within thirty days after the filing of the remittitur from the supreme court . . . . judgment may be entered, on motion of the respondent, in his favor against the undersigned sureties, for the amount in said cost bill, together with interest," etc. The order refusing to strike out plaintiff's cost bill was affirmed (*Reay v. Butler*, 99 Cal. 477); and afterward, on motion of the plaintiff, judgment was entered against the said sureties pursuant to the terms of their said undertaking. From this judgment they prosecute the present appeal.

The bond in question is in the form and contains the stipulations prescribed by section 942 of the Code of Civil Procedure, to be given on the part of an appellant from "a judgment or order directing the payment of money," as the condition of staying execution of such judgment or order pending the appeal. No other section of the code regulating the practice on appeal provides for such a bond. Now, it seems plain to us that the order appealed from by the executrix was in no sense an "order directing the payment of money" within the purview of said section 942; it was in effect the denial of a motion to modify a judgment (*Dooly v. Norton*, 41 Cal. 439); any execution issued must have been founded on the judgment to which such motion was directed—not upon the order denying the motion. (Code Civ. Proc., secs. 958, 1034; *McMann v. Superior Court*, 74 Cal. 107, 108.) Therefore the bond of Quackenbush and Ames, so far as its effect is disclosed by the present record, could not operate to suspend execution; it was given without statutory authority or permission, and the plaintiff was not entitled to judgment against the sureties on motion—that being a summary remedy created by the statute (said section 942) and applicable only to undertakings allowed by it. (*Powers v. Chabot*, 93 Cal. 266; *McCallion v. Hibernia etc. Soc.*, 98 Cal. 442; *Central Lumber etc. Co. v. Center*, 107 Cal. 193.)

The point is made by respondent that the sureties ought not to be heard on this appeal, since by the express terms of their undertaking they agreed that judgment might be entered against them in case the order recited in such undertaking should be affirmed.   Our inclination would be to recommend affirmance on this ground (*Erlanger v. Southern Pac. R. R. Co.*, 109 Cal. 395) if we could do so consistently with legal reason; but we reflect that the consent of the sureties to judgment on motion is a requirement of the statute allowing the bond, and, like the purpose of the bond as a measure to stay execution, rests for its efficacy on the statute alone; and as the bond is ineffectual as a stay because made in a case not provided by the statute, the consent of the sureties to summary judgment against themselves is likewise ineffectual; this aside from any question of technical consideration to support their undertaking.   The judgment should be reversed.

Belcher, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.

Temple, J., McFarland, J., Henshaw, J.