[No. B018132. Second Dist., Div. Seven. Feb. 8, 1989.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v.
SURETY INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**OPINION**

**WOODS (N. F.), J.**—This appeal is taken from an order of the Los Angeles County Superior Court, the Honorable Norman L. Epstein, judge presiding, dated October 17, 1985, denying the motion of appellant, Surety Insurance Company (hereafter SIC) for an order exonerating bond and declaring judgment unenforceable. Affirmed.

Respondent has filed no brief on the appeal. Although in our discretion we might automatically order reversal, treating SIC's point as well taken (*Berry* v. *Ryan* (1950) 97 Cal.App.2d 492, 493 [217 P.2d 1015]), we follow the better practice of examining the record on the basis of SIC's brief and

reversing only if prejudicial error is found. (*Votaw Precision Tool Co.* v. *Air Canada* (1976) 60 Cal.App.3d 52, 55 [131 Cal.Rptr. 335]; *In re Marriage of Schultz* (1980) 105 Cal.App.3d 846, 853 [164 Cal.Rptr. 653].) Nevertheless, we note the lack of assistance from respondent in doing so.

PRELIMINARY STATEMENT

Since the facts are not in dispute, the court finds it sufficient to set forth this preliminary statement of the proceedings below.

On July 2, 1981, the bail posted by SIC was declared forfeited, the defendant having failed to appear in his criminal proceeding. Notice of forfeiture was mailed to SIC on July 9, 1981.[1] After various proceedings, summary judgment was entered against SIC on the bail bond on July 7, 1982. On October 14, 1982, Allied Fidelity Insurance Company (hereafter Allied) posted an appeal bond at SIC's request[2] pursuant to Code of Civil Procedure section 917.1[3] obligating itself directly to the County of Los Angeles for the sum of $15,000. On October 26, 1982, SIC filed its notice of appeal from an order denying its motion to vacate the summary judgment. The judgment against SIC was affirmed by the appellate court and the remittitur issued on April 18, 1984.

Thereafter, Allied filed a motion to exonerate its appeal bond on August 23, 1984, which was denied on September 24, 1984. Allied then paid the

---

[1] Some facts are gleaned from the briefs below and are given for background purposes only.

[2] SIC maintains that the county threatened to disqualify SIC pursuant to Penal Code section 1308 thereby causing SIC to post an appeal bond on its appeal from the order denying its motion to vacate the summary judgment. Penal Code section 1308 as it read during the applicable period, provided as follows: "No court or magistrate shall accept any person or corporation as surety on bail if any summary judgment against any such person or corporation entered pursuant to Section 1306 remains unpaid after the expiration of 20 days after service of notice of entry of such summary judgment; provided, that, if during such 20 days any action or proceeding available in the law is initiated in the same or other court to determine the validity of the order of forfeiture or summary judgment rendered thereon, the provisions of this section shall be inoperative until such action or proceeding has finally been determined. It is hereby made the duty of the clerk of the court in which such judgment is rendered to serve notice of entry of judgment upon the judgment debtor within five days after the date of entry of summary judgment."

[3] Code of Civil Procedure section 917.1 as it read during the applicable period, provided in pertinent part: "The perfecting of an appeal shall not stay enforcement of the judgment or order in the trial court if the judgment or order is for money or directs the payment of money, whether consisting of a special fund or not, and whether payable by the appellant or another party to the action, unless an undertaking is given on condition that if the judgment or order or any part of it is affirmed or the appeal is withdrawn or dismissed, the party ordered to pay shall pay the amount of the judgment or order, or the part of it as to which the judgment or order is affirmed, as entered after the receipt of the remittitur, together with any interest which may have accrued pending the appeal and entry of the remittitur, and costs which may be awarded against the appellant on appeal. . . ."

principal on its obligation to the County of Los Angeles on or about December 21, 1984.

SIC then filed a motion in the superior court seeking to exonerate Allied's payment on its appeal bond on the ground that Penal Code section 1306, subdivision (e) prevents the enforcement of a summary judgment against a bondsman unless accomplished within two years of entry of the judgment.

On October 17, 1984, the Los Angeles County Superior Court, the Honorable Norman L. Epstein presiding, denied the motion of SIC to exonerate the bond. This appeal is taken from the order denying SIC's motion to exonerate Allied's appeal bond and declare judgment unenforceable.

SIC filed a timely notice of appeal.

## CONTENTIONS ON APPEAL

■ SIC's central contention on this appeal is that the trial court erred in refusing to exonerate Allied's appeal bond since the County of Los Angeles failed to comply with Penal Code section 1306, subdivision (e)[4] by enforcing its summary judgment within two years after the entry of the judgment.

Other side issues have been raised which will be dealt with hereafter in this opinion.

## DISCUSSION

Central to SIC's appeal urging reversal is that summary judgment entered against a bondsman pursuant to Penal Code section 1306 expires two years after the entry of judgment unless enforcement of the judgment has been obtained during the two-year period.

The central question to be resolved on this appeal is whether or not the respondent having forced SIC into obtaining an appeal bond with Allied satisfies the "enforcement" provision under Penal Code section 1306. SIC maintains that Penal Code section 1306 applies to the "established"[5] procedures for enforcement of judgments, without explanation as to what constitutes "established" procedures for enforcement. SIC cites no authority for this proposition. Our independent search has not uncovered any authority

[4] Penal Code section 1306, subdivision (e), as it read during the applicable period, provided that: "The right to enforce a summary judgment entered against a bondsman pursuant to this section shall expire two-years after the entry of the judgment."

[5] A term used by appellant in its document entitled "Reply To Opposition" filed in the Los Angeles County Superior Court on October 17, 1985, and included in the record on appeal.

for the proposition urged by SIC on this appeal. The issue appears to be one of first impression.

Here the facts are undisputed, therefore the issue on appeal is one of law and a consideration of whether the trial court erred in its interpretation of the law. Allied, as surety for SIC on the appeal bond, posted the appeal bond during the two years immediately following entry of summary judgment against SIC in the trial court, albeit the bond was not paid until after the two years. Since the judgment was affirmed on appeal, Code of Civil Procedure section 917.1 (fn. 3, *ante*) specifically demands payment of the judgment with costs and interest once the appeal was affirmed or dismissed. In our view, the judgment was enforced by the posting of the appeal bond within the applicable two-year period and subsequently satisfied by payment of the face amount of the appeal bond, within the meaning of Penal Code section 1306.

We see no merit in SIC's contention.

### Side Issues

*The contention that Allied's posting of an appeal bond on SIC's appeal from an order denying SIC's motion to vacate summary judgment was unlawful under Code of Civil Procedure section 917.1 is not timely raised.*

█ SIC maintains that Allied improperly posted bond on SIC's appeal from an order of court denying SIC's motion to vacate the summary judgment against it on its bail bond. SIC contends that Code of Civil Procedure section 917.1 (fn. 3, *ante*) does not provide for the posting of an appeal bond in such an instance since SIC's appeal was not from a money judgment or an order directing payment of monies within the meaning of Code of Civil Procedure section 917.1. SIC is correct in its contention and is also correct in relying on *Reay* v. *Butler* (1897) 118 Cal. 113 [50 P. 375] and on *Weldon* v. *Rogers* (1908) 154 Cal. 632 [98 P. 1070].

In *Reay,* the court states: "The bond in question is in the form and contains the stipulations prescribed by section 942 of the Code of Civil Procedure [the predecessor to section 917.1], to be given on the part of an appellant from 'a judgment or order directing the payment of money,' as the condition of staying execution of such judgment or order pending the appeal. No other section of the code regulating the practice on appeal provides for such a bond. Now, it seems plain to us that the order appealed from by the executrix was in no sense an 'order directing the payment of money' within the purview of said section 942; it was in effect the denial of a motion

to modify a judgment [citation]; any execution issued must have been founded on the judgment to which such motion was directed—not upon the order denying the motion. [Citations.] Therefore the bond of Quackenbush and Ames, so far as its effect is disclosed by the present record, could not operate to suspend execution; it was given without statutory authority or permission, and the plaintiff was not entitled to judgment against the sureties on motion—that being a summary remedy created by the statute (said section 942) and applicable only to undertakings allowed by it. [Citations.]" (*Reay* v. *Butler, supra,* 118 Cal. 113, 114.)

In *Weldon,* the court states as follows: "The judgment against the two sureties is also without support. Section 942 of the Code of Civil Procedure provides for an undertaking of the form here used and for an *ex parte* judgment thereon against the sureties, only upon appeals 'from a judgment or order directing the payment of money.' The order appealed from on the previous appeal did not direct the payment of any money. It was purely negative in effect, merely denying the motion to vacate the former order and quash the execution. This former order, even if it can be considered as a part of the latter order so as to make the appeal include both, cannot properly be considered as an order directing the payment of money. So far as it purported to direct the payment of money it was without authority. The superior court, when applied to, *ex parte,* for leave to have execution issued, as provided in section 685 of the Code of Civil Procedure, had no power to direct the payment of money, but only to give leave that the former judgment be 'carried into execution.' The amount to be specified in such execution was to be determined, in the present case, solely by the terms of the judgment upon which it was to be founded, and such amount could not be enlarged or diminished by anything said by the court in an order made under section 685, given *ex parte,* and without the consent of the judgment defendant or notice to him. In so far as it purported to direct that the execution should be for a named amount it was useless and void. For these reasons the former appeal cannot be considered as an appeal from an order directing the payment of money, and section 942 gave no authority for an undertaking thereon to stay the proceedings on the judgment or on the execution. It cannot be considered as a statutory undertaking upon which a judgment could be given as prescribed in that section. The judgment rendered in pursuance thereof was without authority and void. [Citations.]" (*Weldon* v. *Rogers, supra,* 154 Cal. 632, 635-636.)

 The only problem with SIC's analysis and contention is that we are presented with no record which would indicate that either SIC or Allied preserved this issue prior to the time that the remittitur on SIC's appeal was

issued on April 18, 1984.[6] Having failed to preserve the issue on the aforementioned appeal and having failed to otherwise test the validity of the posting of the appeal bond by appropriate motion prior to Allied's obligation to make payment of the principal amount of the premium to County in the sum of $15,000. SIC is in no position to raise the issue on this appeal.

■ "An appellate court will ordinarily not consider procedural defects or erroneous rulings in connection with relief sought or defenses asserted, where an objection could have been, but was not, presented to the lower court by some appropriate method. [Citations.] [¶] The circumstances may involve such intentional acts or acquiescence as to be appropriately classified under the headings of estoppel or waiver. (See *supra,* §§ 301, 305.) Often, however, the explanation is simply that it is *unfair to the trial judge and to the adverse party* to take advantage of an error on appeal when it could easily have been corrected at the trial." (Original italics.) (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 311, p. 321.)

■ Furthermore, having benefitted by the appeal bond and having acquiesced in any impropriety in the posting of the appeal bond by requesting the bond, it would be patently unfair to the court and respondent to allow the issue to be raised at this late date on this appeal.

SIC is now foreclosed from raising this issue for the first time on this appeal.

*SIC had standing to move for exoneration of Allied's appeal bond in the trial court, but impliedly waived any impropriety in the posting of the appeal bond by accepting the benefits of the bond and in failure to timely object below.*

■ SIC maintains that as a condition of posting of the appeal bond, Allied required appellant to execute an indemnity agreement. As an indemnitor of Allied, SIC asserts that it became a real party in interest, entitled to assert any and all defenses available to Allied. SIC cites Civil Code section 2778, as authority for this proposition, which provides as follows: "In the interpretation of a contract of indemnity, the following rules are to be applied, unless a contrary intention appears: [¶] 4. The person indemnifying is bound, on request of the person indemnified, to defend actions or proceedings brought against the latter in respect to the matters embraced by the indemnity, *but the person indemnified has the right to conduct such defenses, if he chooses to do so;*" (Italics added.)

---

[6] Allied did file a motion in the court below to exonerate its appeal bond on August 23, 1984, which was denied on September 24, 1984. The record is bereft of any reference to an appeal or application for a writ from this ruling.

SIC is correct in asserting that under Civil Code section 2778, subdivision 4, it has standing to move for exoneration of Allied's appeal bond and to prosecute this appeal in place of Allied.

■ However, SIC has impliedly waived any such defense as herein raised testing the lawfulness of the posting of the appeal bond by Allied under Code of Civil Procedure section 917.1 for the reason that SIC has accepted the benefits of the bonding of its appeal from the order denying its motion to vacate summary judgment. SIC would hardly have been in a position to urge in the previous appeal that the posting of the appeal bond was unlawful. Any such position would have precluded the stay accomplished by the Allied appeal bond and could have immediately led to enforcement of the forfeiture of SIC's bail bond. SIC is simply precluded from talking out of both sides of its mouth even though the unfortunate event of the loss of the appeal and the subsequent duty to honor its written indemnity agreement with Allied resulted.

*The liquidation stay order has no application to Allied's liability.*

■ SIC next contends that the "order appointing liquidator and restraining order" of the Orange County Superior Court in Orange County action number 430166 entitled "Insurance Commissioner of The State of California, Applicant, versus, Security Insurance Company of California, a California corporation, Respondent," dated August 20, 1984, precludes payment on the appeal bond in this instance. SIC has requested this court to take judicial notice of the aforementioned order appointing liquidator and restraining order by written notice filed with this court on May 23, 1986. We find this request to be proper under Evidence Code section 452, subdivision (d)[7] and do hereby judicially notice the aforementioned document.

SIC relies on paragraph 9 at page 3 of the liquidation order to support its contention which reads as follows: "All persons are hereby enjoined from obtaining preferences, judgments, attachments or other liens, or making any levy against Respondent or its assets or against the Dennis B. Merrill Managing Bail General Agency without the consent of this court obtained after reasonable notice to said liquidator;"

Initially, we note that Allied is not a party to the liquidation proceedings. We also note that Allied is not specifically mentioned in the liquidation order.

---

[7] Evidence Code section 452 provides that: judicial notice may be taken of the following matters "(d) Records of (1) any court of this state . . . ."

We find no basis for holding that the liability of Allied to the county is in any form or fashion precluded or restrained by the aforementioned order and we decline to so rule. This point is without merit.

## CONCLUSION

The judgment is affirmed. Costs of this appeal are awarded to respondent.

Lillie, P. J., and Johnson, J., concurred.