Filed 1/15/19

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E067831 |
| v. | (Super.Ct.No. CIVDS1413812) |
| AMERICAN SURETY CO., | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Donald R. Alvarez, Judge.  Affirmed.

John Mark Rorabaugh for Defendant and Appellant.

Michelle D. Blakemore, County Counsel, and John R. Tubbs II, Deputy County Counsel, for Plaintiff and Respondent.

In an earlier appeal, Indiana Lumbermens Mutual Insurance Company (Lumbermens) challenged an order denying its motion to vacate summary judgment on a bail bond forfeiture and to exonerate the bail bond. The day after Lumbermens filed its notice of appeal, American Surety Company (American), the appellant in this appeal, filed an undertaking to stay enforcement of the summary judgment during the first appeal. In an unpublished opinion, this court affirmed the order denying Lumbermens' motion to vacate the summary judgment and to exonerate the bail bond. (See *People v. Indiana Lumbermens Mutual Ins. Co.* (June 30, 2016, E062800) [nonpub. opn.].)[1]

Six days before this court issued the remittitur in the first appeal, American filed a motion in the trial court to exonerate the undertaking and to be released from liability on the undertaking. The undertaking was filed pursuant to Code of Civil Procedure section 917.1 (unless otherwise indicated, all further statutory references are to the Code Civ. Proc.), which provides, inter alia, for undertakings to stay enforcement of money judgments. Because Lumbermens' appeal was from a postjudgment order denying a motion to vacate the summary judgment, which is not a money judgment or an order directing the payment of money, American argued section 917.1 did not apply, and the undertaking was ineffective at all times. The trial court denied the motion, concluding American forfeited its challenge to the validity of the undertaking by waiting to file its

---

[1] On September 21, 2018, on our own motion, this court took judicial notice of its record in *People v. Indiana Lumbermens Mutual Ins. Co.*, *supra*, E062800. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

motion until 57 days after this court issued its opinion in the first appeal and a mere six days before the issuance of the remittitur.

In this appeal, American again argues the undertaking it filed on behalf of Lumbermens was ineffective because Lumbermens appealed from a postjudgment order, and not from the summary judgment itself and, therefore, the stay provided for in section 917.1 was never triggered. In addition, American argues the undertaking never became effective because the trial court did not approve it as required by statute.

American is correct that the undertaking it filed in the first appeal was never effective. An appeal from a postjudgment order denying a motion to vacate summary judgment and to exonerate a bail bond is not an appeal from a money judgment and, therefore, section 917.1 does not provide for a stay of the underlying summary judgment during such an appeal. Because Lumbermens' appeal did not automatically stay enforcement of the underlying summary judgment, and a statutory undertaking was ineffective, the means to stay enforcement of the summary judgment was to petition this court for a writ of supersedeas. Likewise, American is correct that, even if section 917.1 applied to Lumbermens' appeal, the undertaking was not effective because the trial court did not approve of it pursuant to section 995.840, subdivision (a).

Nonetheless, we agree with respondent, the People, that American forfeited its challenge to the validity of the undertaking by waiting until six days before the issuance of the remittitur to file its motion to vacate the undertaking. And, even if we were to conclude that American did not forfeit its challenges to the undertaking, we agree with the People that American is estopped from challenging the undertaking on appeal.

3

American, Lumbermens, and the People all acted on the assumption that enforcement of the summary judgment was stayed while Lumbermens pursued its appeal. And, the People did not dispute the effectiveness of the undertaking or seek to execute on the judgment while the appeal was pending. American and Lumbermens reaped the benefit of the undertaking, and American cannot be heard at this stage to complain that the undertaking was not, in fact, effective. Therefore, we affirm the order denying American's motion to exonerate the undertaking.

I.

FACTS AND PROCEDURAL BACKGROUND

On March 28, 2013, Lumbermens executed a bail bond in the amount of $100,000, which was posted for the release of Tiffany Washington in San Bernardino County Superior Court case No. FSB1300167. On June 6, 2013, Washington failed to appear for her preliminary hearing, as ordered by the court on June 4, 2013. The trial court ordered the bail bond forfeited, and a notice of forfeiture was mailed on June 7, 2013. (See *People v. Indiana Lumbermens Mutual Ins. Co.*, *supra*, E062800.)

On December 9, 2013, Lumbermens filed a motion for an extension of time to produce Washington. The court extended the forfeiture period for 180 days, through June 9, 2014. On May 23, 2014, Lumbermens filed a motion for an additional time extension, which was granted for an additional 180 days. Respondent, the People, as represented by the San Bernardino County Counsel, did not receive notice of the motion until after it was granted. On July 16, 2014, the People filed a motion to set aside the second extension, arguing that it was contrary to law, in that Penal Code section 1305.4

4

only provides for a single extension of up to 180 days from the date of the forfeiture or the date of mailing the notice of forfeiture. The People argued that the extension was void as of June 10, 2014. (See *People v. Indiana Lumbermens Mutual Ins. Co.*, *supra*, E062800.)

On September 11, 2014, the trial court granted the People's motion to set aside the extension order and entered summary judgment on the bail bond forfeiture. (See *People v. Indiana Lumbermens Mutual Ins. Co.*, *supra*, E062800.) Lumbermens did not appeal from the summary judgment.

On October 10, 2014, Lumbermens filed a motion to vacate the summary judgment and to exonerate the bail bond. The trial court denied the motion on January 7, 2015. (See *People v. Indiana Lumbermens Mutual Ins. Co.*, *supra*, E062800.)

On January 28, 2015, Lumbermens timely filed a notice of appeal from "the Order Denying the Motion to Vacate Summary Judgment entered on January 07, 2015."

The following day, American filed a $150,000 undertaking pursuant to section 917.1, to stay enforcement of the summary judgment pending Lumbermens' appeal.

A person or corporation is automatically disqualified from acting as a surety in any superior court if summary judgment against the surety remains unsatisfied for more than 30 days after service of the notice of entry of judgment, unless the surety challenges the forfeiture or summary judgment and, if the challenge is by appeal, an undertaking that complies with the enforcement requirements of Code of Civil Procedure section 917.1 is filed with the court. (Pen. Code, § 1308, subd. (a).) On March 16, 2015, Lumbermens

5

and the People filed a stipulation seeking an order vacating Lumbermens' disqualification.[2] The stipulation provided that the disqualification "should be set aside while [Lumbermens'] appeal is pending and the appeal bond filed on January 29, 2015 is in effect." The same day, the trial court signed the order lifting Lumbermens' disqualification.

This court issued its tentative decision in the first appeal on April 22, 2016. After hearing oral argument on June 27, 2016, we issued our unpublished opinion on June 30, 2016. Lumbermens had argued that the trial court lacked jurisdiction to enter summary judgment on the bail bond forfeiture because more than 90 days had elapsed since the expiration of the forfeiture period. But, more than 90 days had elapsed because the trial court incorrectly granted Lumbermens' request to extend the exoneration period for more than 185 days. Relying on *People v. Bankers Ins. Co.* (2010) 181 Cal.App.4th 1, we held, inter alia, that Lumbermens was estopped from arguing the trial court lacked jurisdiction based on the invalidity of the extension order because it was Lumbermens that expressly requested and obtained the invalid extension order. (See *People v. Indiana Lumbermens Mutual Ins. Co.*, *supra*, E062800.)

On August 26, 2016—six days before this court issued its remittitur—American filed its motion to exonerate the undertaking as invalid. In opposition, the People argued the undertaking was valid because Penal Code section 1306, subdivision (e), expressly

---

[2] Apparently, the trial court had entered an order on March 11, 2015, disqualifying Lumbermens pursuant to Penal Code section 1308, subdivision (a). The order itself is not included in the record on appeal, and the register of actions makes no mention of it.

provides that a summary judgment on a bail bond forfeiture shall not be enforced if the judgment is appealed and an undertaking is filed that complies with Code of Civil Procedure section 917.1. In addition, the People argued American waived its challenge to the undertaking by waiting so long to file its motion, and/or that American was estopped from challenging the undertaking because it knowingly acquiesced in the benefit conferred upon Lumbermens by the undertaking. In reply, American argued the trial court lacked fundamental jurisdiction to enter the undertaking and, therefore, the waiver, forfeiture, and estoppel doctrines did not preclude American's challenge to the undertaking.

After hearing argument from the parties, the trial court denied American's motion. The court did not dispute the soundness of American's argument that the undertaking was ineffective because section 917.1 does not apply to postjudgment appeals from an order denying a motion to vacate summary judgment on a bail bond forfeiture. Nonetheless, in its written order, the court noted American "first raised the purported invalidity of the undertaking it issued approximately [57] days after the opinion of the Court of Appeal showed it would have to pay on the undertaking, and a mere [six] days before the remittitur started the 30-day countdown to paying on the undertaking if Lumbermens did not satisfy the judgment."[3] Relying on *County of Los Angeles v. Surety Ins. Co.* (1989) 207 Cal.App.3d 1126, the trial court concluded, "[t]his was too late to preserve the issue

---

[3] The trial court incorrectly calculated the lapse of time between the filing of our prior opinion (Jun. 30, 2016) and the filing of American's motion (Aug. 26, 2016) at 85 days, and the period between the filing of the motion and the filing of the remittitur (Sept. 1, 2016) at five days.

as the obligation to pay came due prior to the date upon which [American] scheduled its motion to be heard."

The trial court also rejected American's argument that the waiver or forfeiture doctrines did not apply to its challenge because the undertaking was void for lack of jurisdiction. The trial court concluded it had fundamental jurisdiction over the parties and the dispute and, at most, entry of the undertaking was an act in excess of its jurisdiction. Because American "ha[d] not shown any justification for not raising the issue sooner, let alone unusual circumstances preventing an earlier challenge," the trial court concluded American forfeited its challenge. Finally, because neither party submitted evidence of what representations had been made regarding the undertaking, the court rejected the People's estoppel argument.

American timely appealed.

## II.

## DISCUSSION

There are two general issues in this appeal: (1) Was the undertaking filed in the first appeal invalid; and (2) may American challenge the validity of the undertaking. Although we conclude the answer to the first question is "yes," we answer the second question "no."

A. *Appealability and Standard of Review.*

Citing *Merritt v. J.A. Stafford Co.* (1968) 68 Cal.2d 619 (*Merritt*), American contends this appeal was properly taken from an order denying a motion to exonerate an

8

undertaking.  *Merritt* supports the appealability of the trial court's order, but for a slightly different reason.

"By signing an undertaking upon appeal, a surety consents that judgment may be entered against him on motion for the amount of the judgment as affirmed [citation], and he becomes a party to the action for the limited purpose of giving the court jurisdiction to render and enforce a judgment against him [citation].  In effect, the bond[4] is a stipulation for judgment upon a certain contingency."  (*Chas. F. Harper Co. v. DeWitt etc. Co.* (1938) 10 Cal.2d 467, 469.)

"[A] judgment on an appeal bond may not be appealed by the surety.  [Citation.]  This is not because the matter does not relate to the enforcement of a judgment, but . . . because the judgment against the surety is a consent judgment."  (*Merritt*, *supra*, 68 Cal.2d at p. 623; see generally *Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 400 ["a 'party may not appeal a consent judgment'"].)  However, "[a]n appeal will lie where it is claimed . . . that the consent judgment was not entered in accordance with the consent.  [Citations.]"  (*People v. Cotton Belt Ins. Co.* (1983) 143 Cal.App.3d 805, 808.)  In addition, an appeal may be taken from an order denying a motion to vacate forfeiture of the undertaking and to exonerate the undertaking.  (*People v. Allied Fidelity Ins. Co.* (1982) 138 Cal.App.3d 724, 726, fn. 1; *People v. Surety Insurance Co.* (1978) 82 Cal.App.3d 229, 231.)

---

**4**  "A bond is interchangeable with an undertaking.  (§ 995.210, subd. (a).)" (*California Commerce Bank v. Superior Court* (1992) 8 Cal.App.4th 582, 584; see § 995.140, subd. (a)(2) ["'Bond'" includes "[a] surety, indemnity, fiduciary, or like undertaking executed by the sureties alone."].)

As far as we can tell from the record, the trial court in this case has not yet entered judgment on the undertaking or entered an order denying a motion to vacate forfeiture of the undertaking. However, an appeal may also be taken from "[a]n order denying a motion for judgment on an appeal bond . . . because it 'relates directly to the enforcement of a judgment.'" (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 654, quoting *Merritt*, *supra*, 68 Cal.2d at p. 622, fn. omitted.) Usually, such an appeal is taken from an order denying a motion to enter judgment on the undertaking *against the surety.* (See, e.g., *Lewin v. Anselmo* (1997) 56 Cal.App.4th 694, 697-698 & fn. 10; *Miller v. Gross* (1975) 48 Cal.App.3d 608, 612.) But an order "which affects enforcement of the judgment, whether such order favors the judgment creditor or the judgment debtor, is appealable." (*Baum v. Baum* (1959) 51 Cal.2d 610, 614-615; accord, *Lovret v. Seyfarth* (1972) 22 Cal.App.3d 841, 852; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 185, pp. 261-262.)

American did not expressly move for entry of judgment on the undertaking, and this appeal was taken from an order denying American's motion to exonerate the undertaking and to release American from liability on the undertaking. Nonetheless, "'[t]he substance and effect of the order, not its label or form, determines whether it is appealable. . . .' [Citation.]" (*Hall v. Superior Court* (2016) 3 Cal.App.5th 792, 805; accord, *Maplebear, Inc. v. Busick* (2018) 26 Cal.App.5th 394, 400; *City of Gardena v. Rikuo Corp.* (2011) 192 Cal.App.4th 595, 601.) Although not styled as a motion for judgment on the undertaking, by requesting that the trial court declare the undertaking to be void and to release American from liability on the undertaking, American in effect

requested a judgment on the undertaking in its favor and against the People. Therefore, we conclude denial of American's motion is an appealable order. (*Merritt*, *supra*, 68 Cal.2d at p. 623.)

Where, as here, the pertinent facts are not in dispute and the issues are purely legal, we independently review the trial court's order. (*People v. Financial Casualty & Surety*, *Inc.* (2017) 14 Cal.App.5th 308, 314; *People v. International Fidelity Ins. Co.* (2012) 204 Cal.App.4th 588, 592.)[5]

B.   *The Undertaking Filed in Lumbermens' Appeal Was Invalid.*

American argues the undertaking it filed in Lumbermens' appeal was ineffective to stay enforcement of the judgment because the first appeal was not from a money judgment and because the trial court did not approve of the undertaking. Both contentions are well taken.

---

[5] In its brief, the People address the abuse of discretion standard applicable to an order denying a motion to vacate bail forfeiture and to exonerate a bail bond. This is not an appeal from such an order. However, the People concede that resolution of purely legal issues based on undisputed facts is subject to independent review.

At oral argument, the People argued the question of whether American forfeited its challenge to the undertaking or is estopped from challenging the undertaking is an equitable issue, not a legal one, so we should apply the abuse of discretion standard. We disagree. Whether a forfeiture or estoppel has occurred is often a question of fact that is reviewed on appeal for substantial evidence. (*Lynch v. California Coastal Com.* (2017) 3 Cal.5th 470, 476; *J. H. McKnight Ranch*, *Inc. v. Franchise Tax Bd.* (2003) 110 Cal.App.4th 978, 991.) "When, however, the facts are undisputed and only one inference may reasonably be drawn, the issue is one of law and the reviewing court is not bound by the trial court's ruling. [Citations.]" (*Platt Pacific*, *Inc. v. Andelson* (1993) 6 Cal.4th 307, 319.) Because the pertinent facts of this case are not in dispute, and the dispute between the parties is solely as to the effect of those facts, our review is de novo.

11

1.      *The undertaking filed in the first appeal was invalid under section 917.1 because the appeal was not from a money judgment or an order directing Lumbermens to pay money.*

An appeal from a summary judgment on a bail bond forfeiture does not automatically stay enforcement of the judgment.  (*County of Orange v. Classified Ins. Corp.* (1990) 218 Cal.App.3d 553, 558-559.)  Instead, enforcement of the judgment is stayed if "a surety other than the one filing the appeal" files an undertaking that "compl[ies] with the enforcement requirements of Section 917.1 of the Code of Civil Procedure."[6]  (Pen. Code, § 1306, subd. (e)(2); see *County of Orange v. Classified Ins. Corp.*, at p. 558.)

Nor does an appeal from a postjudgment order denying a motion to vacate summary judgment and to exonerate a bail bond automatically stay enforcement of the underlying judgment.  (*People v. American Contractors Indemnity Co.* (2006) 136 Cal.App.4th 245, 250.)  "An appeal from an order denying a motion to set aside the judgment does not embrace or affect the judgment itself. . . .  It would be anomalous if an appeal from a judgment did not stay enforcement of the judgment absent posting a bond, under Code of Civil Procedure section 917.1, subdivision (a)(1), but an appeal from an order denying a

---

**6** Because summary judgment on a bail bond forfeiture may only be stayed on appeal by filing an undertaking, the trial court lacks jurisdiction to enter a stay of enforcement of the judgment for more than 10 days after the last day to file a notice of appeal unless the adverse party consents to a longer stay.  (§ 918, subd. (b); see *Sharifpour v. Le* (2014) 223 Cal.App.4th 730, 733.)

12

collateral challenge to the judgment did so under Code of Civil Procedure section 916." (*People v. American Contractors Indemnity Co.*, at p. 250.)

Unlike an appeal from the summary judgment itself, however, a surety who appeals only from a postjudgment order denying its motion to vacate the summary judgment and to exonerate the bail bond may not obtain a stay of enforcement of the underlying summary judgment by filing an undertaking pursuant to section 917.1. In relevant part, section 917.1 provides: "Unless an undertaking is given, the perfecting of an appeal shall not stay enforcement of the judgment or order in the trial court if the judgment or order is for any of the following: [¶] (1) *Money or the payment of money*, whether consisting of a special fund or not, and whether payable by the appellant or another party to the action." (§ 917.1, subd. (a)(1), italics added.) An order denying a motion to vacate a money judgment is a "negative order[] denying relief to defendant," and not an order directing the "defendant pay money to plaintiff." (*Miller v. Gross*, *supra*, 48 Cal.App.3d at p. 613; see *Weldon v. Rogers* (1908) 154 Cal. 632, 634-635 [order denying motion to set aside decree that execution issue on judgment and to quash execution "was purely negative in effect," and did not constitute money judgment or order directing payment of money for purposes of stay of enforcement of judgment by filing an undertaking pursuant to former § 942].) Therefore, an appeal from such a postjudgment order is not contemplated by section 917.1, and an undertaking filed in such an appeal is a "nullity" and "legally ineffective to stay execution" of the underlying money judgment. (*Miller v. Gross*, at p. 613.)

13

In *County of Los Angeles v. Surety Ins. Co.*, *supra*, 207 Cal.App.3d 1126, Allied Fidelity Insurance Company (Allied) filed an undertaking to stay enforcement of a summary judgment on a bail bond forfeiture against Surety Insurance Company (SIC), while SIC appealed from an order denying its motion to vacate the summary judgment and to exonerate the bail bond. (*Id.* at p. 1129.) The Court of Appeal affirmed the postjudgment order. Five days after the issuance of the remittitur, Allied moved to exonerate the undertaking. When the trial court denied the motion, Allied paid the premium on the undertaking. (*Id.* at pp. 1129-1130.) SIC then moved to exonerate the payment made on the undertaking, arguing the two-year period to enforce the summary judgment was not tolled during the first appeal because the undertaking was invalid and, therefore, the time to enforce the judgment had lapsed. (*Id.* at p. 1130.) On appeal from the order denying SIC's motion to exonerate payment made on the undertaking, the Court of Appeal agreed the undertaking filed in the first appeal was ineffective because that appeal "was not from a money judgment or an order directing payment of monies within the meaning of Code of Civil Procedure section 917.1." (*County of Los Angeles v. Surety Ins. Co.*, at pp. 1131-1132.)

Because an appeal from a postjudgment order denying a motion to vacate a summary judgment and to exonerate a bail bond does not automatically stay enforcement of the judgment, and an undertaking filed in such an appeal pursuant to section 917.1 is ineffective to stay enforcement of the judgment, the available remedy to the surety to

14

prevent execution on the judgment[7] while it pursues the appeal is to petition the reviewing court for a writ of supersedeas. (See *Macario v. Macario* (1929) 208 Cal. 601, 603 ["where the appeal is not from the judgment, execution of which is sought to be stayed, but rather is from an order made after judgment denying a motion to recall and quash execution, an appeal from the latter and the giving of a bond thereon is not effective to stay execution of the judgment itself [citation], and . . . this court may, if the circumstances justify the order, and in the exercise of its inherent jurisdiction, provide for a stay by the issuance of a writ of *supersedeas*"]; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2018) ¶ 7:269, p. 7-76 ["If an appeal is taken

---

[7] During oral argument before this court, the People argued the court in *People v. American Contractors Indemnity Co.*, *supra*, 136 Cal.App.4th 245, held that an undertaking would, in fact, have stayed enforcement of the underlying summary judgment had the surety filed one when it appealed from the postjudgment order denying its motion to vacate the summary judgment. Because the surety in that case filed no undertaking, the question of whether an undertaking *would have* been effective and stayed enforcement of the judgment was not squarely presented to the court. Instead, the issue presented was, "Does an appeal from an order denying a motion to set aside summary judgment on a bail bond forfeiture and to exonerate bail automatically stay enforcement of the judgment and toll the two-year time period within which the judgment can be enforced?" (*Id*. at p. 249.) The court answered, "No." (*Ibid*.)

However, the court did note, in passing, "No bond [i.e., undertaking] was posted during the period in which the first appeal was pending, *so enforcement of the judgment was not stayed and the two-year limitation period expired*." (*People v. American Contractors Indemnity Co.*, *supra*, 136 Cal.App.4th at p. 248, italics added; see *id*. p. 249 ["During the pendency of the first appeal, no bond was posted to stay enforcement of the judgment."].) As explained in the text, the caselaw is to the contrary—a postjudgment order denying a motion to vacate a money judgment is not itself a money judgment or an order directing the payment of money, so an undertaking purportedly filed pursuant to section 917.1 in an appeal from such a postjudgment order does not stay enforcement of the underlying judgment. To the extent the appellate court in *People v. American Contractors Indemnity Co.* merely assumed an undertaking would have stayed enforcement of the judgment, we decline to follow such unnecessary dicta.

15

from an order after final judgment [citation] but not from the judgment itself, a stay of the appealed order does not stay the underlying judgment [citation]; but the court of appeal may stay the judgment by supersedeas or other order as authorized by [§ 923]."].)  The reviewing court may issue a writ of supersedeas to stay enforcement of the judgment "on any conditions it deems just" (Cal. Rules of Court, rule 8.112(d)(1)), which may include the requirement that the surety post a bond (9 Witkin, Cal. Procedure, *supra*, Appeal, § 305, pp. 355-356).

Lumbermens appealed solely from the order denying its motion to vacate the summary judgment and to exonerate the bail bond, and not from the summary judgment itself.  Because that postjudgment order was not a money judgment or an order directing Lumbermens to pay money, it was not a judgment or order contemplated by section 917.1, subdivision (a)(1), and the undertaking filed pursuant to that section was ineffective and did not stay enforcement of the underlying judgment.  (*County of Los Angeles v. Surety Ins. Co.*, *supra*, 207 Cal.App.3d at pp. 1131-1132; *Miller v. Gross*, *supra*, 48 Cal.App.3d at p. 613.)

To avoid that conclusion, the People argue an undertaking under Code of Civil Procedure section 917.1 was expressly made applicable to Lumbermens' appeal through Penal Code sections 1306 and 1308.  We are not persuaded.  The district attorney or county counsel must demand payment of the judgment of forfeiture on a bail bond within 30 days after entry of summary judgment and shall seek to execute on the judgment as provided by law if it remains unpaid 20 days after the demand is made, unless "the *judgment* is appealed by the surety" and an undertaking is filed that complies with the

16

enforcement requirements of Code of Civil Procedure section 917.1. (Pen. Code, § 1306, subd. (e)(1)-(2), italics added.) On its face, Penal Code section 1306 provides for a stay of enforcement of the judgment upon the filing of an undertaking only if an appeal is taken from the judgment itself. Lumbermens did not appeal from the summary judgment.

Nor does Penal Code section 1308 support the People's argument. As already stated, that section addresses the limited topic of the disqualification of a surety against whom a summary judgment of bail forfeiture has been entered. If within 30 days of service of the entry of summary judgment the surety brings "an action or proceeding available at law . . . to determine the validity of the order of forfeiture or summary judgment rendered on it," the surety is not disqualified "until that action or proceeding has finally been determined, provided that, if an appeal is taken, an appeal bond is posted in compliance with Section 917.1 of the Code of Civil Procedure." (Pen. Code, § 1308, subd. (a).)

There is no question that the order denying Lumbermens' motion to vacate the summary judgment and to exonerate the bail bond was an appealable order, and that Lumbermens' appeal was "a proper vehicle for considering a jurisdictional attack on the summary judgment." (*People v. International Fidelity Ins. Co.*, *supra*, 204 Cal.App.4th at p. 592, citing *People v. Bankers Ins. Co.* (2010) 181 Cal.App.4th 1, 5, fn. 4.) Lumbermens' appeal was a proper "action or proceeding" to challenge the validity of the summary judgment, and we assume the undertaking was effective for the limited purpose of avoiding *disqualification* under Penal Code section 1308, subdivision (a). It does not

follow, however, that the undertaking in this case was also effective for purposes of staying enforcement of the summary judgment during Lumbermens' appeal.

Penal Code section 1308 does not govern when summary judgment on a bail bond forfeiture is *stayed* on appeal—Penal Code section 1306 does. And, as stated *ante*, on its face, Penal Code section 1306 limits stays to appeals from the judgment itself. Moreover, Penal Code section 1308 simply does not address the conditions under which an undertaking is effective for purposes of Code of Civil Procedure section 917.1. Penal Code section 1308 "benefits the county, in that it encourages prompt action by the surety" to timely initiate a proceeding to challenge the summary judgment and avoid the sanction of disqualification. (*County of Orange v. Classified Ins. Corp.*, *supra*, 218 Cal.App.3d at p. 558.) "It does not suggest a stay of the enforcement provisions of [Penal Code] section 1306, subdivision (e)." (*Ibid.*)[8]

---

**8** We recognize that, in a case such as this, where the surety fails to timely appeal from the summary judgment and appeals solely from the postjudgment order denying its motion to vacate the summary judgment and to exonerate the bail bond, the surety will be in the unenviable position of having to request a writ of supersedeas to stay enforcement of the summary judgment during the appeal *and* file an undertaking to avoid disqualification under Penal Code section 1308. Rather than creatively interpret Code of Civil Procedure section 917.1 to provide for a stay of enforcement of the judgment during an appeal from a postjudgment order denying a motion to vacate a money judgment, as the People seem to suggest we should, we leave it to the Legislature to provide a fix to this "problem."

2.      *The undertaking was also invalid because the trial court did not*
*approve it.*

American is also correct that, even if the undertaking was proper and valid under section 917.1, it was not effective because the trial court did not approve it as required by the bond and undertaking law.  (§ 995.010 et seq.)  Unless a statute provides that an undertaking must be approved, it is effective immediately upon being filed with the court.  (§§ 995.410, subd. (a), 995.420, subd. (a).)  If a statute requires approval of an undertaking, the court may approve or disapprove of the undertaking "on the basis of the affidavit or certificate of the sureties or may require the attendance of witnesses and the production of evidence and may examine the sureties under oath touching their qualifications."  (§ 995.410, subd. (b).)

In an appeal involving private parties, an undertaking is effective upon being filed.  "Since section 917.1, the specific statute providing for an appeal bond, is silent as to the effective date and does not require an appeal bond to be approved, it follows that an appeal bond becomes effective 'at the time it is given . . . .'  (§§ 995.410, subd. (a), 995.420, subd. (a).)"  (*Lewin v. Anselmo*, *supra*, 56 Cal.App.4th at pp. 699-700; accord, *California Commerce Bank v. Superior Court*, *supra*, 8 Cal.App.4th at p. 584.)  However, an undertaking "executed to, in favor of, in the name of, or payable to the State of California or the people of the state" (§ 995.810) must be approved by the court.  (§ 995.840, subd. (a); see 6 Witkin, Cal. Procedure (5th ed. 2008) Provisional Remedies, § 17, p. 37.)  The summary judgment entered against Lumbermens was in the name of the

19

People of the State of California, and the undertaking filed by American was payable to the People if Lumbermens did not pay the judgment within 30 days after the issuance of the remittitur. Therefore, the undertaking had to be approved by the court.

In its brief, the People argue the trial court did in fact approve of the undertaking, twice—when it was filed and when the court approved the stipulation and lifted the disqualification on Lumbermens acting as a surety. Not so. The clerk of the superior court, in its purely ministerial capacity (see *People v. Financial Casualty & Surety, Inc.,* *supra*, 14 Cal.App.5th at p. 315), filed the undertaking when American submitted it. (Cal. Rules of Court, rule 1.20 ["Unless otherwise provided, a document is deemed filed on the date it is received by the court clerk."].) But nothing in the record supports the conclusion that a *judicial officer* approved the sufficiency of the undertaking when it was filed. And the stipulation and proposed order submitted to the court merely requested that the court lift Lumbermens' disqualification. The parties did not ask the court to review and approve the sufficiency of the undertaking, and we decline to read more into the court's order than is apparent on its face.[9] Because the court did not approve the undertaking, it never went into effect.

_____

[9] During oral argument, the People argued the trial court implicitly approved of the sufficiency of the undertaking because it was attached as an exhibit to the order lifting Lumbermens' disqualification. As stated in the text, the stipulation merely requested that the trial court lift the disqualification. We decline to assume the trial court, on its own motion, conducted a review of the sufficiency of the undertaking.

20

C.    *Forfeiture and Estoppel Principles Bar American's Challenge to the Undertaking.*

The People argue that, even if the undertaking was invalid, American forfeited its right to challenge the validity to the undertaking by waiting until six days before the issuance of the remittitur to file its motion.  We agree.  In addition, the People argue American is estopped from challenging the undertaking because it accepted the benefit of the undertaking.  Again, we agree with the People.

As stated *ante*, the Court of Appeal in *County of Los Angeles v. Surety Ins. Co.* agreed with SIC that an undertaking filed in an appeal from a postjudgment order denying a motion to vacate summary judgment on a bail bond forfeiture was ineffective to stay enforcement of the judgment because the appeal was not taken from a money judgment or an order directing payment of money as contemplated by section 917.1. (*County of Los Angeles v. Surety Ins. Co.*, *supra*, 207 Cal.App.3d at pp. 1131-1132.) However, the court concluded that SIC had forfeited its challenge to the validity of the undertaking.  "[W]e are presented with no record which would indicate that either SIC or Allied preserved this issue prior to the time that the remittitur on [the first] appeal was issued . . . .  Having failed to preserve the issue on the aforementioned appeal and having failed to otherwise test the validity of the posting of the appeal bond by appropriate motion prior to Allied's obligation to make payment of the principal amount of the premium to County in the sum of $15,000[,] SIC is in no position to raise the issue on this appeal.  [¶]  'An appellate court will ordinarily not consider procedural defects or

21

erroneous rulings in connection with relief sought or defenses asserted, where an objection could have been, but was not, presented to the lower court by some appropriate method. [Citations.] [¶] The circumstances may involve such intentional acts or acquiescence as to be appropriately classified under the headings of estoppel or waiver. [Citation.] Often, however, the explanation is simply that it is *unfair to the trial judge and to the adverse party* to take advantage of an error on appeal when it could easily have been corrected at the trial.' (Original italics.) [Citation.] [¶] Furthermore, having benefitted by the appeal bond and having acquiesced in any impropriety in the posting of the appeal bond by requesting the bond, it would be patently unfair to the court and respondent to allow the issue to be raised at this late date on this appeal. [¶] SIC is now foreclosed from raising this issue for the first time on this appeal." (*Id.* at pp. 1132-1133, fn. omitted.)

Unlike the sureties in *County of Los Angeles v. Surety Ins. Co*., American moved to be released from liability on the undertaking just before the issuance of the remittitur. But, the record shows American did not act diligently. From the outset, Lumbermens' notice of appeal clearly indicated the first appeal was from the postjudgment order denying its motion to vacate the summary judgment and not from the summary judgment itself. With reasonable diligence and inquiry, American could have discovered the defect in the undertaking and brought the defect to the trial court's attention. And, from the day this court issued its decision in the first appeal, American knew it would be obligated under the terms of the undertaking if Lumbermens did not pay the judgment within 30 days of the remittitur issuing. Yet, American waited 57 days after this court issued its

22

decision in the first appeal to file its motion—a mere six days before we issued the remittitur. On these facts, we find American forfeited its challenge to the undertaking.

American is also estopped from challenging the validity of the undertaking. "It has been held that undertakings may be enforced although not in exact conformity with the statute, that the defect may be waived, that the obligor is in no position to complain that his obligation is less onerous than that provided for by statute, and that, where the appellant has the benefit of the bond, the obligor may not rely upon the fact that the respondent could but did not object to the sufficiency of the bond. [Citations.] [¶] 'The sureties generally are held liable on a supersedeas or appeal bond, although it was legally insufficient to effect a stay of proceedings, where as a matter of fact there was in effect a stay, no execution being issued, nor any attempt made to collect an execution if issued, or to enforce the judgment.' [Citation.]"[10] (*Merritt*, *supra*, 68 Cal.2d at p. 624.)

The United States Court of Appeals for the Ninth Circuit has cited *Merritt* as an example of the "so-called 'common law bond doctrine' . . . ." (*Burgoyne v. Frank B. Hall & Co. of Hawaii*, *Inc*. (9th Cir. 1986) 781 F.2d 1418, 1420 (*Burgoyne*).) That doctrine "can be seen as based either on a contract or an estoppel theory. Courts applying a contract theory reason that if there is consideration, the fact that the bond does not meet statutory requirements is no reason not to enforce an underlying agreement of the parties

---

[10] The Supreme Court recognized exceptions to the estoppel doctrine in "cases involv[ing] judgments which were stayed by operation of law without necessity of a bond, orders which were not subject to execution or other immediate enforcement against the appellant, or a judgment for a sale of perishables as to which it would be against public policy to permit a stay pending appeal." (*Merritt*, *supra*, 68 Cal.2d at p. 624.) Neither exception applies here.

as a common law contract.  [Citation.]  The forbearance from enforcing the judgment furnishes sufficient consideration.  [Citation.]" (*Id*. at p. 1420.)  The estoppel theory applies "where no complaint is made concerning the nonconformity of a supersedeas bond to the statutory requirements, *and it is accepted by the party for whose benefit it is given*, who gives the delay in time asked for, the parties executing the bond, who have received all they desire under it . . . cannot be heard to urge its lack of conformity to the law, or to say that what they offered as a legal obligation, *which was accepted as such*, was invalid and not binding on them."[11] (*Id*. at p. 1421.)  Under either theory, "[t]he common-law bond doctrine is designed to cover situations in which the parties mistakenly believe there is a valid bond in existence . . . ." (*Ibid*.)

There is no question that all parties involved—the People, Lumbermens, and American—acted under the assumption that the undertaking filed in the first appeal properly stayed enforcement of the summary judgment.  American and Lumbermens received the benefit of the undertaking because the People appear to have taken no steps whatsoever to execute the judgment while Lumbermens pursued its appeal.  Nor did the People challenge the sufficiency of the undertaking or otherwise argue it was ineffective

---

[11] The Restatement of Security (1941), section 188, at page 522, also recognizes application of the estoppel theory to bonds:  "Where a surety executes a judicial bond which is defective as not complying with statutory requirements or court rules, or where although the bond itself is in proper form, the principal has not followed the proper procedure in connection with the furnishing of the bond, the surety is nevertheless liable on the bond if the party on whose behalf the bond is delivered has obtained in whole or in part the benefit sought by the delivery of the bond."  (See *Richard L. Bowen & Assoc., Inc. v. 1200 West Ninth Street Ltd. Partnership* (Ohio.Ct.App. 1995) 669 N.E.2d 500, 503.)

to stay enforcement of the judgment.  (See § 995.910 et seq. [governing "objections to a bond given in an action or proceeding"].)  Quite to the contrary, in the stipulation to lift the disqualification of Lumbermens, the People asserted the undertaking was "in effect" while Lumbermens pursued its appeal.

The People's conduct in this case is to be contrasted with the plaintiff in *Miller v. Gross*, who did not rely on the undertaking and who actively sought to execute on the judgment while the appeal was proceeding.  (*Miller v. Gross*, *supra*, 48 Cal.App.3d at p. 614 [rejecting plaintiff's estoppel argument].)  Likewise, the fact the People expressly acknowledged the undertaking was "in effect" during Lumbermens' appeal distinguishes this case from *Burgoyne*, where the Ninth Circuit declined to apply the "'common law bond doctrine'" because, although the appellant "did not, in fact, seek to enforce the judgment while the case was on appeal," nothing in the record demonstrated the appellant forbore enforcing the judgment *because* of the undertaking.  (*Burgoyne*, *supra*, 781 F.2d at pp. 1420-1421.)  Under the facts of this case, American is estopped from accepting the benefit of the undertaking and later claiming it was invalid.

American argues the forfeiture analysis of *County of Los Angeles v. Surety Ins. Co.* and, by implication, the estoppel analysis in *Merritt*, have been superceded by more recent decisions that hold the forfeiture, waiver, and estoppel doctrines do not apply to judicial acts that are void for lack of fundamental jurisdiction.  (See, e.g., *Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330, 339 (*Kabran*).)

25

"The term 'jurisdiction,' 'used continuously in a variety of situations, has so many different meanings that no single statement can be entirely satisfactory as a definition.' [Citation.] Essentially, jurisdictional errors are of two types. 'Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' [Citation.] When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and 'thus vulnerable to direct or collateral attack at any time.' [Citation.]" (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660.) "'[F]undamental jurisdiction cannot be conferred by waiver, estoppel, or consent. Rather, an act beyond a court's jurisdiction in the fundamental sense is null and void' *ab initio*. [Citation.]" (*People v. Lara* (2010) 48 Cal.4th 216, 225.)

"However, 'in its ordinary usage the phrase "lack of jurisdiction" is not limited to these fundamental situations.' [Citation.] It may also 'be applied to a case where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no "jurisdiction" (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites.' [Citation.] '"[W]hen a statute authorizes [a] prescribed procedure, and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction."' [Citation.] When a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is merely voidable. [Citations.]" (*People v. American Contractors Indemnity Co.*, *supra*, 33 Cal.4th at p. 661.) "Because a court that acts in excess of jurisdiction still

26

has 'jurisdiction over the subject matter and the parties in the fundamental sense' [citation], any such act is 'valid until set aside, and parties may be precluded from setting it aside by such things as waiver, estoppel, or the passage of time' [citation]." (*Kabran*, *supra*, 2 Cal.5th at p. 340.)

There are two problems with American's contention that we should not apply waiver or estoppel because the trial court lacked fundamental jurisdiction. First, American can point to no *judicial act* related to the filing of the undertaking. As explained *ante*, we agree with American that the trial court never approved the undertaking.

Last, there is no genuine dispute that the trial court had fundamental jurisdiction over the parties and over the underlying dispute regarding the bail bond. For example, there is no question that the bail bond was viable when the trial court entered summary judgment. (See *People v. International Fidelity Ins. Co.*, *supra*, 204 Cal.App.4th at p. 595 ["Where the bond does not exist because it was exonerated, the court lacks fundamental jurisdiction, and any summary judgment purportedly entered on that bond is void. [Citation.]"].) Therefore, even if the court had entered an order approving an undertaking that did not satisfy the requirements of section 917.1, that order would have merely been an act in excess of the trial court's jurisdiction and, under the facts of this case, American's ability to set aside such a voidable order was subject to the principles of forfeiture and estoppel. (*Kabran*, *supra*, 2 Cal.5th at pp. 339-340; *People v. American Contractors Indemnity Co.*, *supra*, 33 Cal.4th at p. 661.) Because we conclude American forfeited its challenge and/or is estopped from challenging the validity of the undertaking,

27

we must affirm the order denying American's motion to exonerate the undertaking.

III.

DISPOSITION

The postjudgment order denying American's motion to exonerate the undertaking is affirmed.  The People shall recover their costs on appeal.

CERTIFIED FOR PUBLICATION


McKINSTER
               J.

We concur:


RAMIREZ
      P. J.


SLOUGH
     J.